Vol. 135.]   SEPTEMBER  TERM,  1909.        223

Cov. & Cin. Railroad Transfer & Bridge Co. v. Mulvey's Admr.

CASE 29.—ACTION  BY  JOHN  MULVEY'S  ADMINISTRATOR
    AGAINST  THE  COVINGTON  &  CINCINNATI  RAIL-
    ROAD  TRANSFER  &  BRIDGE  COMPANY.—Novem-
    ber 4, 1909.

# Cov. & Cin. Railroad Transfer & Bridge Co. v. Mulvey's Admr.

Appeal from Campbell Circuit Court.

C. W. YUNGBLUT, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Re-
versed.

Railroads—Injury  to  Person  Near  Track—Coal  Falling  from
    Car—Negligence.—The probability that a boy, who with a
    few other boys plays on  the private premises of a railroad
    company, adjoining its right of way, will be in a position
    to be struck by a lump of coal falling from a passing car
    is not so great as to impose on the company the duty of load-
    ing its cars with reference to his presence, or of inspect-
    ing its cars to see that he is not injured by falling coal; and
    there is no liability for injury so occurring in the absence of
    wantonness and recklessness.

GALVIN & GALVIN for appellant.

There is a long line of cases in this state holding that the tes-
timony must be clear and unequivocal, connecting the negli-
gence with the injury, and that if the injury could have resulted
from any one of two or more causes, for one of which the defen-
dant would be liable, and for the other of which defendant would
not be liable, there can be no recovery.

### AUTHORITIES CITED.

Willis Swartwood's guardian v. L. & N., 3 S. W., 305; L. & N
v. Reynolds, 24 Ky. L. R., 1402; Gleason v. Virginia Midland R.
R. Co., 140 U. S., 435; Thomas v. C. N. O. & T. P. Ry., 32 Ky.
L R., 67; C. & O. v. Raymond Davis, 22 Ky. L. R., 748; L. & N.
v. Wade, 18 Ky. L. R., 549; Wintuska's adm'r v. L. & N., 14 Ky.
L. R., 579; Johnson's adm'r v. E. T. V. & G R. R., 17 Ky. L. R.,

67; L. & N. R. R. Co. v. Wathen, 22 Ky. L. R. 82; Hughes v. Cincinnati, etc., R. R. Co., 91 Ky., 526; Louisville Gas Co. v. Kaufman, Straus & Co., 105 Ky., 156 & 157; Witten v. Bell & Coggeshall Co., 27 Ky. L. R., 805; Hurt v. L. & N., 25 Ky. L. R., 755; L. & N. v. McGary, 104 Ky., 509.

ARTHUR C. HALL and J. A. SHACKELFORD for appellee.

QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1. The lot in question was an attractive place as a play-ground for children.

2. The appellant acquiescing in their use of it owed them a duty not to negligently injure them while they were upon said premises.

3. The court did not err in submitting the case to the jury and refusing to give a peremptory instruction to find for Appellant. Bronsom's Adm'r v. Labrot, 81 Ky., 638; Reliance T. & D. Wks. v. Mitchell, 24 Ky. L. R., 1287; C. & O. Ry. Co. v. Davis, 22 Ky. L. R. 748; L. & N. R. R. v. Eaden, 93 S. W., 7; Willis v. Mays. & D. S. R. R., 27 Ky L. R., 495; Gulf C. & S. F. R. R. v. Wood, 63, S. W., 164; Un. Pac. R. R. v. McDonald, 152 U. S., 280; Sioux Cy. & P. R. R. v. Stout, 84 U. S., 745; Young, &c., v. Trapp, &c., 26 Ky. L. R., 752; Harper v. Kopp, 24 Ky. L. R., 2343; Fletcher v. B. & O. R. R., 168 U. S., 135; and Thompson on Negligence, Secs. 1031, 1033, 1034-5 and White's Sup. to Thompson on Negligence, Sec. 1032.

4. The case at bar comes clearly within the rule of Res Ipsa Loquitur. Thompson on Negligence, Vo. 1, Sec. 15 and 4537; L. & N. v. Davis, 115 Ky., 270; L. & N. v. Reynolds, 24 Ky. L. R. 1403; Gulf C. & S. F. v. Wood, 63 S. W. 164; C. & O. v. Bercew, 23, Ky. L. R. 1509; Howser v. Cumb. & Penna. R. R., 27 L. R. A., 154; Barnowski v. Helson, 15 L. R. A., 33; Ford v. L. S: & M. S., 12 L. R. A. 455.

5. Every presumption of negligence on the part of appellant is authorized by the evidence in the case, and that negligence was the direct cause of the death of Decedent. L. & N. v. Mulfinger, 26 Ky. L. R., 3; I. C. R. R. v. Cane, 28 Ky. L. R., 1018.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

John Mulvey, as administrator of John Mulvey, Jr., deceased, instituted this action against the Louisville & Nashville Railroad Company, the Chesapeake &

Ohio Railway Company, and appellant, the Covington & Cincinnati Railroad, Transfer & Bridge Company, to recover damages for the death of his decedent. Upon the conclusion of the testimony the court gave a peremptory instruction in favor of the Louisville & Nashville Railroad Company and the Chesapeake & Ohio Railway Company. Judgment was entered in their favor, and from that judgment there is no appeal. The case as to appellant was submitted to the jury, which returned a verdict in favor of appellee for the sum of $2.500. From that judgment this appeal is prosecuted. The failure of the trial court to award it a peremptory instruction is the only ground for reversal urged by appellant.

The facts are as follows: Appellant is the owner of a bridge which spans the Ohio River at Covington, Ky. It also owns and maintains railroad tracks running from Seventeenth street, in Covington, through said city and over said bridge to points in Cincinnati, Ohio. It has locomotives which it uses for the purpose of transportating trains over the bridge and roads owned by it. At Fifth and Johnson streets in Covington, Ky., there is a vacant and uninclosed lot, which has a frontage of about 50 feet on the south side of Fifth street, and a depth of about 100 feet. This lot is bounded on the west by a stone wall or approach to said bridge, and on the east by an alley. The top of the wall is about 10 feet above its base or the level of the lot. There are two tracks on this wall; the east track being used by trains going north, and the west track by those going south. This lot in question is owned by appellant. In the summer time it has been used as a playground by children. At times they would gather up the coal on the tracks and from

cars, and make a fire on the lot. On December 11, 1907, about 7:30 o'clock p. m., and after dark, the decedent, John Mulvey, who was then about 12 years of age, in company with several other boys the same age, was playing on the lot referred to. Early in the day they had built a fire on the lot within a distance of 4 or 5 feet from the bridge wall. On the occasion of the accident they were sitting around the fire when they heard a train approaching from the south. The train consisted of about 20 cars, four of which were loaded with coal. As the engine approached, the boys all ran back 30 or 40 feet to escape the cinders and ashes from the engine. Shortly after the engine passed, young Mulvey ran back to the fire and took a seat thereby. In a short time one of his companions called the attention of the other boys to the fact that Mulvey was lying on the ground. About that time one of the boys saw a dark object rolling along the ground about three or four feet from young Mulvey's head. The witness who testified to this fact made a statement inconsistent with it, but on the trial of the case insisted that he had seen something rolling along the ground at the time Mulvey was injured. When their attention was called to young Mulvey, the boys rushed to his assistance. It was found that he had a wound in the top of his head. This wound contained particles of dirt. Mulvey's companions carried him to his home. It was found by the physician summoned to attend him, and by the coroner at the inquest, that young Mulvey's neck was broken. The lump of coal which it is claimed fell from the car, and which was seen rolling when young Mulvey was injured, was picked up by one of the boys, and later turned over to the coroner as evidence. There is also evidence to the effect

that there was no other coal on the lot at the time of
the injury. Some of the witnesses also testified that the
coal in the coal cars was heaped up in the center of
the cars.  Appellant proved title to the lot, and also
showed that the cars containing the coal were loaded
at least 250 miles from the point where the accident
occurred.

In discussing this case we may admit that there is
some evidence tending to show that young Mulvey
was killed by being struck on the head by a lump of
coal which fell from one of the cars as the train
passed by.  The doctrine of the Turntable Cases, of
course, has no application to this case.  This is not
a case where a dangerous agency that was alluring
and attractive to children was left in such a position
that they could and would use it.  Nor is it a case
where the premises were rendered unsafe by a spring
gun or any trap that would injure a person if he came
in contact with it.  Appellee, however, insists that,
as children had been playing upon the lot in question
for a long time with the knowledge and acquiescence
of appellant, it was the duty of the latter to antici-
pate their presence, and so load its cars as not to
injure any one of them.  This court has gone to the
extent of holding that where a railroad track runs.
through a populous community, along or across
streets, where from the nature of things persons may
be reasonably expected at any time, it is the duty of
those in charge of the train to have it under reason-
able control, to keep a lookout for persons using the
track, and to give timely warning of the approach of
the train.  Illinois Central R. R. Co. v. Murphy's
Admr., 123 Ky. 787, 97 S. W. 729; 30 Ky. Law Rep. 93,
11 L. R. A. (N. S.) 352.  The reason for this rule is
that the long and continued use of the track at the

point in question by large numbers of persons is sufficient to indicate a reasonable certainty that persons will be found there. This rule has never been extended to cases where there was no customary use of the track at the point of the injury. The presence of persons on the track because of its customary use by the public being reasonably certain, there is a strong probability of some one's being injured unless proper precautions are taken to prevent accidents. The necessity for precaution is due to the fact that the very movement of a train is dangerous, and likely to injure those caught unawares. But the probability that a boy, who, with a few other boys, plays upon the private premises of a railroad company, adjoining its right of way will be in position to be struck by a lump of coal falling from a passing car is not so great as to impose upon the company the duty of loading its cars with reference to his presence, or of inspecting its cars to see that he is not injured by falling coal. Under such circumstances there is no liability, unless the injury is wanton or reckless. There is no evidence in this case to show either one of these prerequisites to a recovery. The death of the decedent was simply the result of an unfortunate accident, which could not have been reasonably anticipated by appellant. We, therefore, conclude that the court erred in failing to give a peremptory instruction in favor of appellant.

Judgment reversed and cause remanded for proceedings consistent with this opinion.