ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY v. ARMBRUST.

Opinion delivered December 13, 1915.

1. RAILROADS—INJURY TO PERSON NEAR RIGHT-OF-WAY—RES IPSA LOQUITUR.—Plaintiff's testimony showed that he stopped at a point thirty or forty feet from the railway crossing to permit a fast mail train to pass, that the engine tender appeared to be overloaded with coal, that a piece of coal struck him on the foot, knocking him down and seriously injuring him, and that he caught a glimpse of something black just before the coal struck him, and that it looked like it came from the engine tender of the passing train, a piece of coal was later found where plaintiff claimed to have been struck. *Held*, that the doctrine of *res ipsa loquitur* applies, and that the proof was sufficient to warrant a submission of the issue of defendant's negligence to the jury.

2. RAILROADS—PERSONAL INJURIES—OPERATION OF TRAIN—PRESUMPTION.—Proof that plaintiff's injury was caused by the running of a train, raised a presumption of negligence against the railroad company.

3. RAILROADS—PERSONAL INJURIES—OPERATION OF TRAIN — PRESUMPTION—BURDEN OF PROOF.—A plaintiff who has been injured by the operation of a train is entitled to recover under the statute, when he has made out a *prima facie* case, unless the defendant introduces evidence to show that it was not guilty of negligence.

4. DAMAGES—PERSONAL INJURY ACTION—FUTURE PAIN AND SUFFERING.—Plaintiff was injured by being struck on the foot by a piece of coal falling from a passing engine tender. *Held*, under the evidence it was proper for the court to charge the jury that the plaintiff was entitled to recover damages to compensate himself for injuries actually sustained and reasonably certain to be suffered in the future.

5. DAMAGES—INJURY TO FOOT—AMOUNT OF VERDICT.—Where plaintiff was injured as above set out, and it appeared that he would have

to submit to an operation in order to gain a recovery, and that the injured foot would be permanently weaker than normal, that a verdict against the railroad company of $5,000 was not excessive.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; affirmed.

### STATEMENT BY THE COURT.

John Armbrust sued the St. Louis, Iron Mountain & Southern Railway Company to recover damages for alleged personal injuries inflicted by the latter upon the former by its negligence. The facts in the case as shown by the testimony on the part of the plaintiff are substantially as follows:

On the 6th day of September, 1914, as John Armbrust approached a public crossing over the St. L., I. M. & S. Ry. Company's track near Malvern he saw a fast mail train approaching and stopped within thirty or forty feet of the track to let it pass. As the train passed he was standing in the public road that crossed the track. The time was between twelve and one o'clock in the afternoon. He stated that he caught a glimpse of something black coming from the tender, that he saw it flying, got a glimpse of it, and by that time was struck by the missile. A piece a coal struck him on the foot and drove a part of his sock, particles of coal, a shoe eyelet and a piece of shoe string down into his foot. It tore his shoe entirely off his foot and knocked him down.

The plaintiff testified that he saw the tender before the flying object left it and stated that it looked to him as if the tender was overloaded with coal and that he noticed a big pile of coal on the top of it.

Another witness testified that shortly after the plaintiff was hurt he was notified of the fact and went down to the crossing and saw him crawling over the track coming from the north side; that he helped him into a buggy and carried him to his house.

The physician who examined the plaintiff shortly afterwards testified as to the character and extent of his injuries and this testimony will be referred to later

on.  The physician also testified that he took a piece of sock out of his foot and also some particles of coal.

Another witness, who resided near the scene of the accident, testified without objection, that two or three days afterwards she was passing over the crossing and saw a piece of coal near the track about as big as a half gallon bucket or a little larger; that pieces of coal were broken off of it and that the coal was far enough away from the track for a man to stand where it lay and be safe from a passing train.

The fireman who was on the fast train the day of the accident testified that the tender is loaded by the hostler; that it has a mould board on it put there to keep the coal from falling off; that the board comes up even with the tank and flares out; that the tender is usually loaded with coal to about the bottom of the mould board and that the coal is piled up higher in the middle; that he observed the way the tender was loaded on the day of the accident and that it was loaded in a proper manner. so that the coal would not fall off; that he did not see a lump of coal fall off the tender at the crossing where the accident is alleged to have occurred; and that he has seen coal fall off of the tender.

Another fireman and the hostler also testified as to the proper way to load coal on a tender and said that the tender in question was loaded in that manner because there had been no deviation from the rule.

The engineer on the fast train on the day in question testified that the coal is piled up to near the top of the mould board and is rounded up higher in the middle than on either side.  All of the trainmen testified that the vibration of the train causes the coal to shake down and that it would be shaken down considerably between Argenta, the place where the tender was loaded, and the scene of the accident which was more than forty miles distant.

The jury returned a verdict for the plaintiff in the sum of $5,000 and the defendant has appealed.

*E. B. Kinsworthy, W. R. Donham,* and *T. D. Craw-ford,* for appellant.

1. The error in the court's first instruction is in placing upon the defendant the burden of proving by a preponderance of the evidence that it was not guilty of negligence causing plaintiff's injury, if the jury found that he was struck by a piece of coal propelled from defendant's train.

Conceding that evidence that the coal was propelled from the tender by the motion of the train, if believed, made out a *prima facie* case of negligence on the part of the defendant, still this did not change the burden of proof in the whole case.

2. Appellant made specific objection to the use of the words "or will reasonably result to the plaintiff in the future," in the court's instruction on the measure of damages.

There is no testimony in this case tending *with reasonable certainty* to prove that appellee will in the future suffer pain of body or mind. There is a difference between the expression "will reasonably result," as used in the instruction, and the expression, "will with reasonable certainty result" which is the rule approved by this court. 106 Ark. 186 and authorities cited.

3. The complaint alleged negligence in the loading of the coal in the engine tender, but did not allege negligence in the operation of the train, and the court erred in modifying an instruction requested by appellant to the effect that the defendant was not liable unless it was guilty of negligence in the loading of the coal into its engine tender, by adding thereto the words "and in the operation of the train." It is error to instruct the jury upon an issue not raised by the pleadings. 111 Ark. 134.

4. The verdict is not sustained by the evidence. The doctrine of *res ipsa loquitur* does not apply in this case. That doctrine is properly applied only when the injury speaks for itself, and establishes the fact that it could not have occurred otherwise than as a result of some act of negligence. 101 Ark. 117.

The evidence tends equally as much to prove that the coal did not fall from the tender as that it did so fall.

When the evidence tends equally to sustain either of two inconsistent propositions, a verdict in favor of the party bound to maintain one of them against the other is necessarily wrong.    57 Ark. 402.

Negligence is not ordinarily presumed from the happening of an accident.    103 Am. St. 243 and note.

Before the statute can be invoked to raise a *prima facie* presumption, it must be shown that the injury was caused by the running of the train.    This was not shown in this case.    Plaintiff did not know where the lump of coal came from.    212 Ill. 506, 103 Am. St. 243; 152 Ind. 608, 46 L. R. A. 33; 67 Wis. 616, 58 Am. Rep. 881; 3 Kan. App. 242; 204 N. Y. 324; 112 Ga. 37.

*J. C. Ross,* for appellee.

1.    The appellant's objection to the court's first instruction is not well taken.    The instruction on its face shows that the jury were required to find from a preponderance of the evidence in the case that the plaintiff was injured by being struck by a piece of coal which fell from the moving train while he was standing near the railway track in the exercise of ordinary care and while he was where he had a right to be.

2.    There is no substantial difference between the phrases "will reasonably result," and "will with reasonable certainty result."    It needs no argument, with a man's foot in the condition in which plaintiff's was at the time of the trial and with the necessity of operations and doctors bills in the future as shown by the testimony, that pain will be felt in the future.    Besides, the evidence shows that if the very best results were obtained, plaintiff would have a weakened foot for life.

3.    No new issue was covered by the court's modification of appellant's twelfth instruction.    Negligence in the operation of the train was just as clearly alleged in the complaint as negligence in the loading of the coal into the tender.

4. The verdict is sustained by the evidence. The case clearly calls for the application of the doctrine of *res ipsa loquitur*. 1 White, Personal Injuries, § 111; 6 Thompson, Negligence, § 7643; *Id.* § 7636; 29 Cyc. 593; 54 Ark. 209; 63 Ark. 636; 24 Ky. L. Rep. 1402, 71 S. W. 516; 74 Ark. 610; 86 Ark. 76, 81; 94 Ark. 246; 57 Ark. 429; 63 S. W. 164, 165, 166; 71 S. W. 516; 71 S. W. 517.

Hart, J. (after stating the facts.) (1) It is insisted by counsel for the defendant that the evidence is not sufficient to warrant the verdict. We do not agree with counsel in this contention. The facts of the case bring it within the doctrine of *res ipsa loquitur*.

In the case of *Louisville & Nashville Rd. Co.* v. *Reynolds,* 71 S. W. 516, under a substantially similar state of facts, the Court of Appeals of Kentucky held that the doctrine of *res ipsa loquitur* applied. There a person was standing at the depot near the track for the purpose of boarding a passenger train, having been informed that it was approaching. The train turned out to be a freight train and just as the engine and tender passed the plaintiff he was struck by a piece of coal and the court held that the proof of the accident, under these circumstances, was sufficient to warrant the submission of the negligence of the defendant to the jury.

This principle has also been recognized by this court in many cases. In the case of *Price* v. *St. L., I. M. & S. Ry. Co.,* 75 Ark. 479, the court, at page 491, said:

"The doctrine of *res ipsa loquitur* does not apply in cases where the accident or injury, unexplained by attendant circumstances, might as plausibly have resulted from negligence on the part of the passenger as the carrier. Nor is it applicable to the death of a passenger that comes by reason of circumstances and conditions that are personal and peculiar to him, and not by reason of any management of, or accident to, or condition in, the train itself, over which the carrier has exclusive control. 'The true rule would seem to be that when the injury and circumstances attending it are so unusual, and of such a nature that it could not well have

happened without the company being negligent, or when it is caused by something connected with the equipment or operation of the road, over which the company has entire control, a presumption of negligence on the part of the company usually arises from proof of such facts, in the absence of anything to the contrary, and the burden is then cast upon the company to show that its negligence did not cause the injury.'" To the same effect see *St. L., I. M. & S. Ry. Co.* v. *Neely,* 63 Ark. 636; *Gurdon & Ft. Smith Ry. Co.* v. *Calhoun,* 86 Ark. 76; and *St. Louis & San Francisco Rd. Co.* v. *Carr,* 94 Ark. 246.

In the case before us the plaintiff himself testified that he stopped in the middle of the road near the public crossing over the railroad to let the fast mail train pass; that he was about thirty or forty feet away from the track and as the train approached it looked to him like the tender was overloaded with coal; that there was a big pile of coal on top of it; that a piece of coal struck him on the left foot and knocked him down; that he caught a glimpse of something black just before the coal struck him, and that it looked like it came from the tender of the passing train.

Another witness testified that just after the fast mail train passed on the day of the accident he was told that a man had been hurt and went down to the crossing and saw the plaintiff trying to crawl over it; and that his left foot was badly crushed.

The physicians who attended him soon afterwards picked particles of coal and a piece of his sock out of the injured part of his foot. A day or two afterwards a neighbor saw a piece of coal about the size of a half gallon bucket lying near the track at the crossing and she stated that particles of coal had been broken off of this lump. This testimony made an affirmative showing on the part of the plaintiff that he was struck by a lump of coal from the passing train. It is true that the trainmen testified that the tender was loaded in a proper manner on the day in question and that the vibration of the train caused the coal to settle down and that when the tender was properly loaded the coal would settle down

to such an extent in going from Argenta, where the tender
was loaded, to the scene of the accident near Malvern, that
the coal would not roll off the tender. The jury had the
witnesses before it and the question of the credibility of
the witnesses was solely for the jury. The evidence on
the part of the defendant was not sufficient to overcome
the affirmative showing of negligence made by the plain-
tiff. The testimony on the part of the plaintiff amount-
ed to more than a conjecture or assumption of negli-
gence on the part of the defendant. Though the evidence
on the part of the defendant appears the more reason-
able and consistent, yet the fact remains that the plain-
tiff's foot was injured by a piece of coal falling on it
and a piece of coal was found near the scene of the acci-
dent. The trainmen themselves admitted that coal some-
times did fall from the tender, caused by the vibration
of the train. Under the circumstances surrounding the
accident, the jury might have found that the defendant's
witnesses were mistaken in saying that the tender was
properly loaded on the day in question; or they might
have found that a lump of coal was allowed to fall off
because of the careless handling of it by the fireman.

(2) We now come to consider the objections to the
instructions. As we have already seen proof on the part
of the plaintiff himself tends to show that he was struck
by a piece of coal flying or projecting from the tender
of one of defendant's fast passenger trains and under our
statutes this was *prima facie* proof of negligence on the
part of the defendant; in other words, we have uniformly
held that under the statute in question, proof that a per-
son's injury is caused by the running of a train, raises
a presumption of negligence against the railroad com-
pany. The court so instructed the jury and counsel for
the defendant admit that the instruction in this respect
is correct but contend, however, that the court erred in
instructing the jury because its instructions placed upon
the defendant the burden of proving by a preponderance
of the evidence that it was not guilty of negligence caus-
ing the plaintiff's injury, if it should find that the plaintiff

was struck by a piece of coal flying or propelled from defendant's train.

(3)    There was no error upon the part of the court in so instructing the jury.    Proof of the existence of the facts specified, under the statute, raised a presumption of negligence against the railway company and made a *prima facie* case against the plaintiff which, if not rebutted or overcome by the railway company, was sufficient to warrant the recovery against it.    As soon as the plaintiff has made out a *prima facie* case, under the statute, he is entitled to recover unless the defendant introduces evidence to show that it is not guilty of negligence.

In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Bragg,* 6C Ark. 248,—a stock killing case—the plaintiff proved a state of facts sufficient to raise a presumption of negligence against the defendant and the court said there was no error in instructing the jury that if the defendant failed to show by a preponderance of the evidence that it used ordinary care to prevent the injury, they should find for the plaintiff.    See also *St. L., I. M. & S. Ry. Co.* v. *Ayers,* 67 Ark. 371; and *Ry. Co.* v. *Mitchell,* 57 Ark. 418.

(4)    It is next insisted by counsel for the defendant that the court erred in an instruction given to the jury on the measure of damages.    In that instruction the court told the jury that the plaintiff was entitled to recover for suffering which the jury might believe from the evidence had resulted or would reasonably result to the plaintiff in the future by reason of the alleged injury. Specific objection was made to the phrase, "or will reasonably result to the plaintiff in the future."

In the case of *St. L., I. M. & S. Ry. Co.* v. *Bird,* 106 Ark. 177, at page 186, the court said: "Unless there is testimony tending to show with reasonable certainty that the injury is permanent the court should not permit the jury to assess any damages for permanent injury.    Mr. Hutchinson says, 'The jury may taken into consideration future as well as past physical pain and suffering, but to

justify them in doing so it must be reasonably certain that such future pain and suffering are inevitable and if they be only probable or uncertain they can not be taken into the estimate.' ''

Counsel contend that there is a difference between the meaning of the expression ''will reasonably result'' as used in the instruction and the expression ''will with reasonable certainty result'' approved in the case just referred to. We cannot see any difference in the use of the two expressions. The court in plain terms told the jury that the plaintiff was entitled to recover damages to compensate himself for injuries actually sustained and reasonably certain to be suffered in the future. The evidence on the part of the plaintiff tended to show that an operation was necessary to be performed upon his foot and that the most successful condition that could be hoped for was that he would be confined to his bed for several weeks after the operation. Even the witnesses for the defendant testified that an operation was necessary to restore the foot of the plaintiff to its normal condition, the difference between them and the physicians for the plaintiff being as to the degree of the plaintiff's injury. The defendant's physician testified that a complete recovery would result from the operation and the plaintiff's physician testified to the contrary. Therefore we do not think the court erred in giving the instruction in question.

(5)    This brings us to a consideration of the excessiveness of the damages. The jury returned a verdict in favor of the plaintiff in the sum of $5,000 and, under the circumstances, we do not think the verdict excessive. According to the testimony of the plaintiff himself as well as that of his physician he suffered intense pain as a result of his injury. The injury occurred September 6, 1914, and at the time of the trial, February 1, 1915, according to the testimony of the plaintiff's witnesses, but little improvement could be noted in his condition. The testimony showed that he had suffered great pain almost daily from the time he was injured up to the time

of the trial. That he must suffer pain in the future is certain. The doctors all agree that he must submit to an operation to take out a part of the bones of his foot if he ever expects to get well. Though the physicians for the defendant testify that a complete recovery would follow, the physician for the plaintiff testifies that his left foot would be weaker than his right as a result of the operation and that this condition would continue for the remainder of his life. The plaintiff earned $1.50 per day and sometimes more at the time he received the injury and has been unable to do any work since. According to his own testimony and that of his physicians he has constant pain unless an opiate is given him to alleviate it. Under these circumstances, as above stated, we do not think the verdict was excessive.

Other errors in giving instructions are pressed upon us for a reversal of the judgment but we think the objections made by counsel are met by the principles of law above announced, and on that account do not deem it necessary to take up each assignment and discuss it specifically. We think it is sufficient to say that we have examined the record and find no prejudicial errors in it.

Therefore the judgment will be affirmed.