## Chesapeake & Ohio Ry. Co. v. Rowland.

(Decided October 7, 1919.)

### Appeal from Johnson Circuit Court.

1. Railroads—Injury to Person Near Track—Object Falling From Train—Negligence—Evidence—Res Ipsa Loquitur.—The res ipsa loquitur doctrine applies to a case where plaintiff was standing in the public highway and was injured by a lump of coal that fell from a passing train, and mere proof of the injury and attendant circumstances was sufficient to make out a prima facie case of negligence against the company and require it to show that its negligence did not cause the injury.

2. Appeal and Error—Railroads—Injury to Person Near Track—Instructions.—Though in an action for an injury caused by a lump of coal falling from a passing train and striking a person standing in the public highway, the defendant railroad proved that the cars were loaded by the employees of certain mining companies, an instruction authorizing a recovery if it negligently loaded the cars was not prejudicial, since it was under the duty to use ordinary care to see that the cars were properly loaded.

WORTHINGTON, COCHRAN & BROWNING and M. C. KIRK for appellant.

F. P. BLAIR and DAVID OSBORNE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is a personal injury action in which plaintiff, Mary Rowland, recovered of the defendant, the Chesa-

peake & Ohio Railway Company, a verdict and judgment for $1,100.00. The railway company appeals.

The accident occurred on July 20, 1917, in the town of Whitehouse. It was necessary for plaintiff to cross defendant's track in order to reach a store where she intended to make some purchases. While she was standing in the public highway and near the track, and waiting for a fast freight train to pass, a lump of coal fell from one of the cars and struck her in the abdomen. According to plaintiff's evidence, the train was running at the rate of 30 or 35 miles an hour, while defendant's witnesses say that the speed of the train was about 18 or 20 miles an hour. Defendant also proved that the cars were loaded by the employees of certain mining companies, and that the ordinary jerks and jars of a freight train hauling coal cars habitually caused lumps of coal to fall from the train.

It is first insisted that as the only negligence relied on was the excessive speed of the train, and plaintiff failed to prove that the speed of the train caused the lump of coal to fall, plaintiff did not make out a case for the jury. While it is true that the only negligence alleged in the original petition was excessive speed, plaintiff filed an amended petition charging that the cars were negligently loaded and negligently handled, and that by reason thereof, the lump of coal was caused to fall from the train. Furthermore, the case is one calling for the application of the *res ipsa loquitur* doctrine. Hence, when plaintiff proved that she was in the public highway, and therefore at a place where she had the right to be, and that she was struck by a lump of coal which fell from the passing train, she made out a *prima facie* case of negligence, and it then devolved upon the company to show that its negligence did not cause the injury. St. Louis, etc. R. Co. v. Armbrust, 121 Ark. 351, 181 S. W. 131; Louisville, etc. R. Co. v. Reynolds, 71 S. W. 516; McHarge v. Newcomer, 117 Tenn. 595, 100 S. W. 700, 9 L. R. A. (N. S.) 298.

It is further insisted that instruction No. 8 was erroneous because it authorized a recovery if the defendant carelessly and negligently loaded the coal in the cars, when the only evidence on the question showed that the loading was done by others. We do not regard the instruction as prejudicial in this respect, because the de-

fendant, whether it loaded the cars or not, owed plaintiff the duty of using ordinary care to see that the cars were properly loaded.

Judgment affirmed.