## Lawson v. Louisville & Nashville Railroad Company.

(Decided March 26, 1926.)

### Appeal fro mWhitley Circuit Court.

1. Railroads.—Railroad must exercise ordinary care as to one who is at place where he has right to be.
2. Railroads.—Railroad need not anticipate presence of pedestrian on passway over which 50 to 100 persons pass each day.
3. Railroads.—Railroad held not required to anticipate presence of pedestrian injured by falling coal while walking between locomotive and posts of tipple.
4. Railroads—Pedestrian Injured by Falling Coal While Passing Locomotive Tender Being Filled Held Guilty of Contributory Negligence.—One, who had seen locomotives take coal on numerous occasions, and was injured by falling coal when attempting to pass one during such process at place where he had no right to be, and which locomotive he knew to be practically filled, held guilty of contributory negligence as matter of law.

STEPHENS & STEELY for appellant.

TYE & SILER, ASHBY M. WARREN and WOODWARD, WARFIELD & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In June, 1921, the appellant and plaintiff below, Ed Lawson, sustained the injuries for which he sought to recover damages in this action, filed by him in the Whitley circuit court against appellee and defendant below, Louisville & Nashville Railroad Company. The accident out of which the injuries were sustained occurred while plaintiff was walking immediately by the side of a tender to an engine belonging to defendant and while it was being filled with coal at a tipple in Gatliff, Whitley county, Kentucky, to which place defendant owns and operates a spur track running from its main track at Savoy just south of Williamsburg in Whitley county. While passing the tender a large lump of coal fell from the tender or

the spout conducting the coal therein, and struck him on the head inflicting very serious but not fatal injuries. The petition proceeded upon the theory that plaintiff when he was injured was at a place where he had the right to be and that the falling of the lump of coal that struck him was due to the negligence of defendant. The answer denied the material averments of the petition and contained a second paragraph pleading contributory negligence on the part of plaintiff. That defense was denied by a reply, and upon trial the court at the close of plaintiff's testimony sustained defendant's motion for a directed verdict in its favor, which was returned, followed by a judgment dismissing the petition. Plaintiff's motion for a new trial was overruled and he prosecutes this appeal.

The principal cases relied on by counsel for plaintiff in this court are Chesapeake & Ohio Railroad Company v. Rowland, 185 Ky. 278, and L. & N. Railroad Company v. Reynolds, 14 K. L. R. 1402, 71 S. W. R. 516. Those cases were where the plaintiffs at the time the injuries for which recovery was sought when sustained were at places where they had a right to be. In the one (Rowland case) plaintiff was in a public highway at the time she was struck by the flying missle from the train; and in the other (Reynolds case) plaintiff was standing on the depot platform of defendant awaiting the arrival of the train on which he intended to become a passenger; and, following the universally established rule on the subject, we held that under such circumstances the railroad company was under an obligation to exercise at least ordinary care to prevent injuring one under the same or similar circumstances. Cases from most every court, as well as others from this one, sustain that doctrine and there can be no doubt as to both its propriety and soundness. Hence, it was alleged in the petition in this case that plaintiff at the time he was injured was traveling along and upon a well established and much used passway and, therefore, at a place where he had a right to be, and that defendant knew or could have known, not only of the existence of the passway, but also of plaintiff's presence thereon, all of which was no doubt for the purpose of bringing this case within the principle of the cases, *supra*. But plaintiff's testimony fell far short of sustaining the allegations of his petition, even if we should concede their sufficiency in law to sustain his cause of action.

The accident occurred in the daytime at about 1 p. m. while plaintiff was going from the mining plant to the forest with an ax on his shoulder for the intended purpose of getting out certain timbers for which he and his brother had a contract with the coal company. He saw the engine when it went under the tipple for the purpose of coaling the tender, and which had commenced when plaintiff was within about 450 yards of the tender. Similar operations occurred daily at the same place, and of all of which plaintiff had knowledge. About 3 feet distant from the side of the tender were some large posts or piling supporting the roof of the tipple, and just outside of those posts was a pathway used by pedestrians to the extent, according to the testimony, of between 50 and 100 persons each 24 hours, some of the witnesses placing its use by a much less number. So that, under the doctrine of the cases of C. & O. Railroad Company v. McMath, 198 Ky. 390; Howard v. I. C. Railroad Co., 189 Ky. 60; McKnight's Admr. v. L. & N. Railroad Company, 168 Ky. 86; Willis' Admr. v. L. & N. Railroad Co., 164 Ky. 124, and many others cited in those opinions defendant would have owed plaintiff no duty to anticipate his presence at the place where he was injured, even if he had been walking on its track, since its use by pedestrains would not have been of requisite extent to impose the duty on defendant to anticipate their presence thereon and to have exercised the care required by those cases to prevent injuring any of those so using its track. Even the doctrine of anticipated use of the track growing out of acquiescence on the part of the company when such use is to the extent of making it applicable, does not apply to the use of a walkway or premises contiguous or adjacent to the track, the same as if the use was of the track itself, as was held by us in the cases of Covington and Cincinnati Railroad, Transfer and Bridge Company v. Mulvey's Admr., 135 Ky. 223, and L. & N. Railroad Co. v. Marlow, 169 Ky. 140.

In the first of those cases an infant was playing upon a part of the right of way where he and others had been accustomed to do with the actual or presumed permission of the defendant; while in the second one plaintiff was traveling a pedestrian's passway when he sustained his injuries at the side of the track but on the right of way, and in our opinion in that case we held that defendant was under no obligation to anticipate the presence of

Marlow on the passway as so located, even though the extent of the travel upon it would have imposed the duty on defendant to anticipate his presence if he had been walking on the track itself.

But, it is said in this case that there was no proof that defendant owned the ground covered by the passway at the point where plaintiff was injured, and that the doctrine of the Marlow and other similar cases should not apply; but we are unable to see the distinction, even if the alleged distinguishing fact existed, for clearly plaintiff could not require defendant to exercise for his protection the care upon which he is insisting, unless he was at a place where he had the right to be, and we are convinced that the testimony as introduced by him did not establish that fact. It was proven that on the outside of the posts to the tipple there was, as hereinbefore stated, a path upon which not exceeding 50 or 100 persons traveled each day, but which as we have seen was insufficient to impose the duty on defendant to anticipate* their presence if the traveler had been on the track.

But, independently of that fact, the proof uncontradictedly shows that defendant was not traveling on or in the path at the time he was injured, but undertook to pass the tender while it was being filled with coal over the 3 feet space between it and the posts where no one claims there was any path or passway whatever; and the case is thereby rendered essentially the same as if the coal had fallen at any point along defendant's line howsoever sparsely settled.

Moreover, we think plaintiff, under the facts, was guilty of contributory negligence as a matter of law. He had seen numberless similar loadings of coal and must have known that during the operation lumps of coal were liable to fall from the tender, and especially so when it became practically filled, which he knew was the condition at the time he undertook to pass over the very spot where a falling lump of coal would strike, when, if he had placed himself but a few feet further from the tender, he would have been in no danger of sustaining an injury from that source; and for that reason we also think the court committed no error in sustaining the motion complained of.

Wherefore, the judgment is affirmed.