RAILWAY COMPANY *v.* HOPKINS.

Decided February 14, 1891.

1.  *Negligence—Sidewalk—Overhanging sign.*

One who maintains a heavy sign overhanging a sidewalk in a much fre-
quented part of a city is bound to use ordinary care in keeping it securely
fastened ; if a passer-by be injured by its falling, negligence will be pre-
sumed, in the absence of proof that it happened out of the ordinary course.

2.  *Negligence—Case stated.*

Appellant maintained an overhanging sign.  In putting in some electric light
wires the servants of an independent contractor, with appellant's knowl-
edge, cut the wires which fastened the sign and neglected to restore them.
Two months afterward the accident occurred.  *Held,* appellant was guilty
of negligence in failing to see that the fastenings were safely restored.

3.  *Act of God—Wind.*

An instruction that the defendant would not be liable for the injury if the
sign fell from the act of God was properly refused where the only evi-
dence on that point was that it fell on a windy day in March.  It was the
defendant's duty to take such precautions in fastening the sign as to make
it secure against the force of such winds as might be expected in the
regular course of the seasons.

APPEAL from *Pulaski* Circuit Court.

JOSEPH W. MARTIN, Judge.

*Dodge & Johnson* for appellant.

1.  The placing of the sign was the work of an inde-
pendent contractor for whose negligent acts defendant can-
not be held liable.  13 S. W. Rep., 333.

2.  The sign, placed as it was, was not a nuisance *per se ;*
and it was error to refuse defendant's second prayer.  92 N.
Y., 588; 97 N. Y., 571; 46 Barb., 561; 4 Exch., 244; 14
N. Y., 524; 1 S. & R., 219; 1 Lans., 64; 37 Barb., 207.

3.  The company was not liable for the " act of God," or
the acts of third persons over whom it had no control, and
without their knowledge or consent, and the court erred in
refusing the third, fourth and fifth prayers of defendant.

4.  Negligence is never to be presumed, but must be
proven by competent evidence.  49 Mich., 153; S. C., 8 A.
& E. R. Cas., 383; 57 Penn. St., 374; 17 Ga., 624.  In

S C—14

regard to the performance of a lawful act, the presumption exists that at least ordinary care is used. 37 Barb., 15. And where negligence is affirmatively charged, it must be proved. This court has not broadened the rule to the extent set out in plaintiff's first prayer. 34 Ark., 624; 74 Ind., 462; 11 C. L., 30. Fault or negligence are not presumed without some evidence upon which to predicate it. 27 Vt., 693; 23 A. & E. R. Cases, 318. Plaintiff must show an injury which *prima facie* resulted from some fault on the part of defendant. 31 N. Y., 314; 22 Barb., 574; 19 A. & E. R. Cas., 36, 142; 45 Mich., 51; 32 A. & E. R. Cas., 128.

5. When one contracts to do a thing not necessarily a nuisance or dangerous, and he can do that thing without wrong or injury to anybody, yet, in so doing, by his negligent acts, injures another or creates a nuisance, the principal is not liable, but the contractor is. 25 A. & E. R. Cas., 144; 31 *id*, 134; 15 *id.*, 100; 2 Cent. Rep., 439; Sh. & Redf. Neg., secs. 4, 12; Thomps. on Negl., secs. 12 and 34; 98 Mass., 215; 10 A. & E. R. Cas., 754; 17 W. Va., 190.

*T. J. Oliphint* for appellee.

Erwin, in painting and putting up the sign, and the Electric Company, in putting up the wires, were independent contractors. But the injury did not occur while they were engaged in doing the work, *and that is the test.* When the contractor's work is done, *then liability begins for maintenance*, with the added duty to see that the work is properly done in the first instance. Wharton on Negl., sec. 181; 2 Cent. Rep., 429; 13 S. W. Rep., 333; 114 Mass., 156; 9 Allen, 17; 101 Mass., 251; 112 Mass., 96; 9 M. & W., 710; 69 Mass., 349; 130 *id.*, 414; 3 Gray, 349; 125 Mass., 232; 112 *id.*, 96; 7 H. & N., 826; 17 N. Y., 107; 72 Am. Dec., 437. The doctrine of the liability of an independent contractor has no place in this case, nor has the act of God, nor the officious acts of third persons without the knowledge of defendant.

2. The appellee's first instruction on the subject of presumptive negligence properly given. Whittaker's Smith

on Negl., p. 427 ; 57 N. Y., 567 ; L. R., 8 Q. B., 161 ; 5 Eng.
Rep., 169 ; L. R., 6 Q. B. 761 ; 39 N. Y., 227 ; 18 N. Y., 534 ;
34 Ark., 613, 624 ; 54 Am. Rep., 544 ; 51 *id.*, 239 ; 59 *id.*,
428 ; 50 *id.*, 550 ; 95 N. Y., 562 ; 109 Mass., 398 ; 94 Penn. St.,
351 ; 94 Ill., 598 ; 25 Am. Rep., 744 ; 38 *id.*, 597 ; 11 Hun.,
46 ; 86 N. Y., 408 ; 38 Oh. St., 462 ; 47 N. Y., S. Ct.

3. The sign was a nuisance. Wood on Nuisances, sec.
275 ; 101 Mass., 251 ; 106 *id.*, 194 ; 99 *id.*, 282 ; 23 Wend.,
447 ; 3 H. L., 330 ; 94 Mass., 75 ; 18 N. Y., 18.

COCKRILL, C. J.   The appellant maintained a ticket office
in the city of Little Rock, and advertised the fact by means
of a large wooden sign fastened to the wall over the en-
trance from the street, fifteen feet above the sidewalk.   The
sign fell upon the appellee and injured him without fault of
his, while he was upon the sidewalk.   This appeal is prose-
cuted to reverse a judgment for damages in the sum of $750,
recovered by the appellee for the injury.

When the sign-board was first put up, it was securely
fastened.   Its weight was supported by brick projections
from the wall.   Subsequently the servants of an electric
light company removed it from its fastenings in order to
run electric wires into the railway office.   That fact was
known to the railway agent in charge of the office.   He
had been warned at the outset, by the contractor who put
the sign in the position, that the electric light workmen
would be compelled to loosen the fastenings if they were
permitted to follow instead of preceding him in their work.
The sign was replaced in position by the electric light
workmen, and two months thereafter fell and injured the
plaintiff.   An inspection of it after the accident showed
that the wires which were used to hold it on two of the
three hooks which held it in position had been cut with
scissors close to the sign.   The supposition of all the wit-
nesses was that the cutting was done by the electric light
workmen.   There was no positive proof of that fact.   The
sign fell in the month of March.   There was testimony

tending to show that the usual March winds of this latitude prevailed at the time, while other witnesses thought there was no disturbance of any object on the street by the wind.

The railway complains of the following part of the charge to the jury: "If you find from the evidence that the de-- fendant caused the sign mentioned in this' action to be placed on the side of and in front of its ticket office in the city of Little Rock, and over and above the sidewalk, which is a public highway, and that while the plaintiff was on said. sidewalk and under said sign, the same fell of its own weight from its place and upon the plaintiff and injured him,. you are instructed that the fact of the falling of said sign in the manner aforesaid raises a presumption of negligence in maintaining said sign, and you should find for the plaintiff, unless you should find that said presumption is overcome by a fair preponderance of evidence going to show that a proper degree of diligence had been exercised by defend-- ant."

It is argued that the charge directs the jury to presume negligence without finding proof of it.

1. Negli- gence—Sign overhanging sidewalk.

If it had left the jury to find against the railway, merely upon proof that the plaintiff had been injured by the fall-- ing of a sign from a building in which the railway was an occupant, it would be subject to the objection urged, and therefore erroneous. But the charge must be read in the light of the admitted facts and of the hypothesis upon which it is based. They are as follows:

The sign was placed in a position where it was sure to fall upon the sidewalk, if it should fall at all, in a much fre-- quented part of the city; it was maintained there by the defendant solely for its convenience; it was heavy and re- quired precaution in fastening it in position to prevent it from falling; it fell " of its own weight," that is, because of insufficient fastenings to hold it under ordinary circum-- stances, and thereby an injury was inflicted upon one who- was rightfully in the public street.

Upon such a case found, negligence is an inference of law. The reason is as follows: The defendant was under a duty to the public to exercise common prudence to place and keep its sign in such position as not to endanger the safety of pedestrians in the street. As long as it performed that duty, no injury would be inflicted in the ordinary course of things. The happening of the accident is evidence therefore of the neglect of the duty, in the absence of proof that it happened out of the ordinary course. *Mullen* v. *St. John*, 57 N. Y., 567; *Kearney* v. *London Ry. Co.*, L. R., 6 Q. B., 759; 10 Central L. J., 261, and numerous cases cited.

It is argued that the defendant is not liable because the evidence shows that the sign fell, not from insecurity of the original fastening, but because the sustaining wires had been cut by a third person. We must take it as settled by the verdict that the wires were cut by the electric light company's workmen. The testimony furnished no reasonable probability that it was done by another. The managing agent of the defendant's office knew that it was necessary for these workmen to cut or loosen the fastenings in order to complete the work the railway company desired to be done in its office, and knew that the sign had been removed for that purpose. It was the company's duty therefore to see that the fastenings were safely restored. In no other manner could it guard against the danger to which the public would otherwise be exposed, and it is liable for the consequences of having neglected to do so. *Gray* v. *Boston Gas Co.*, 114 Mass , 149–153.

The fact that the electric light company was an independent contractor, and not the servant of the railway, in performing the work in the prosecution of which the wires were cut, did not relieve the railway of its duty to the public to see that the sign was secure after the contractor had completed his work. *Khron* v. *Brock*, 144 Mass., 516.

If the injury had been inflicted through the negligence of the contractor's servants while in the execution of the contract, no liability would have attached to the railway. *Rail-*

*way* v. *Yonley*, 53 Ark., 503. But no such case was made by the proof. The court did not err therefore in rejecting the railway's prayer to charge upon the subject of its non-liability for work done by an independent contractor.

3. Act of God —Wird.

The court refused to instruct the jury that the defendant was not liable for the injury if the sign fell from the act of God. There was no testimony to base the charge upon. The strongest testimony for the defendant was that the accident happened on a windy day in March. But it was the defendant's duty to take such precaution in fastening its sign as to make it secure against the ravages of such winds as might be expected in the regular course of the seasons. *Southern Ex. Co.* v. *Texarkana Water Co.*, *ante*, p. 131. An injury resulting from a failure to take such precaution is attributable to its neglect, and not to the act of God.

Other requests to charge the jury preferred by the defendant were rejected, but all they contained that could legally be demanded to go to the jury was submitted in the court's charge. As there is no error, the judgment is affirmed.