ARKANSAS TELEPHONE CO. *v.* RATTEREE.

Opinion delivered March 18, 1893.

1. *Negligence—Fall of overhead wire.*
    Proof that a telephone company's servants let a wire fall in the street which caused plaintiff's horse, standing near, to leap forward, thereby throwing plaintiff out of the wagon to which the horse was harnessed, makes a *prima facie* case of negligence which casts upon the company the burden of showing that the occurrence was unavoidable.

2. *Contributory negligence—Question for jury.*
    In an action against a telephone company for damages caused by the falling of an overhead wire, whereby plaintiff's horse was frightened, and plaintiff thrown from his wagon and injured, the question whether plaintiff was guilty of contributory negligence in leaving the horse standing in the street with a deaf mute boy on the seat of the wagon, he himself being in the rear of the wagon, is for the jury.

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

STATEMENT BY THE COURT.

This is an appeal from a judgment against the appellant for damages for an injury received by the appellee, caused by being thrown from his wagon, on Garrison avenue in the city of Fort Smith, which the complaint alleged was caused by the negligence of the servants of the defendant in letting a wire fall from above which struck or fell near the plaintiff's horse and caused him to leap forward, thereby throwing the plaintiff from

the wagon, to which the horse was harnessed, and injuring him.

The defendant denied that it caused the injury, denied negligence, and alleged contributory negligence of the plaintiff.

The facts, which the jury might have found from the evidence, but as to some of which there is some conflict, are about as follows : The plaintiff was engaged in driving a green grocer's wagon in the city of Fort Smith, and on the evening of the 9th day of October, 1890, at about 5 o'clock, he backed his wagon to within three feet of the pavement of the sidewalk on Garrison avenue, threw the reins with which he drove the horse across the front end of the wagon, leaving him unhitched and unattended, and proceded to deliver some vegetables, and then returned and and got into the wagon.

In the meantime a deaf and dumb boy, by plaintiff's consent, had got into the wagon, and sat down on the seat. While the plaintiff was in his wagon, nearer the rear than the front of it, engaged in lifting up a sack of vegetables, the horse suddenly sprang forward ; the plaintiff was thrown out backwards, and his arm was badly broken; that, immediately before the horse sprang forward, a wire fell near or upon him from above, and caused him to move ; that the horse was gentle and not inclined to scare ; that the wire of the defendant's line of telephone was over near where the accident occurred, and was repaired that day, and that, just before the wire fell which frightened the horse, some of the defendant's servants were on a roof or awning over the sidewalk near which the plaintiff's wagon stood; that the wire which fell and caused the horse to spring forward was let fall by the defendant's servants or was left by them where it was liable to fall, and did fall and caused the

horse to spring forward, whereby the plaintiff was thrown out of the wagon and injured.

The defendant then read in evidence, without objection, sections 177 and 179 of the digest of city ordinances of the city of Fort Smith, which are as follows:

SECTION 177. It shall be deemed a misdemeanor to do, or cause to be done, any of the following acts, and any person convicted thereof shall be fined not less than five nor more than twenty-five dollars.

*     *     *     *     *     *     *     *

SEC. 179. For any person who shall leave standing any horse, or any other animal attached to any carriage, wagon, cart or other vehicle of any description whatever, on any of the streets or alleys of the city, without a competent person to take charge of the same, and shall also, in case such horse, horses or other animals attached to any vehicle run away, be responsible for the damages that may be done.

The court of its own motion gave the following instructions:

3. The plaintiff claims that, while defendant's employees were working on its wires, there was let fall from above by them, or one of them, a wire, and that the same, striking or falling near to plaintiff's horse, caused it to leap forward, thereby throwing plaintiff from his wagon and injuring him. Now, if you find that such are the facts, then the court tells you that the defendant was guilty of negligence, and plaintiff is entitled to recover, unless he was guilty of contributory negligence.

4. If you find that defendant's employees, or one of them, left a wire or coil of wire in such condition that it was likely to fall from above, and that it did fall and caused plaintiff's horse to start forward and throw him out of his wagon and break his arm, then defendant was guilty of negligence.

5.   The burden of proof is upon plaintiff to show, by fair preponderance of the evidence, that defendant's employees let fall a wire, or so left it that it did fall, and that the falling of such wire caused plaintiff's horse to start forward and throw plaintiff from his wagon.

7.   Now, on the question of plaintiff's alleged contributory negligence, you are instructed that you shall take into consideration all the circumstances and condition of affairs that surrounded plaintiff, and if he failed to use the ordinary care of a reasonable and prudent man under all the circumstances, and if such failure in any way contributed or assisted in causing the injury, then he is guilty of contributory negligence, and cannot recover.   The burden of proving that he was guilty of contributory negligence is on defendant.

8.   If plaintiff recovers, the measure of his damage is such a sum as will fairly and reasonably compensate him for the injury that he received, and the loss it has occasioned him.   The law says the damages he is entitled to should be fully compensatory but no more than compensatory.   Several ingredients go to make up such damages—he is entitled to damages for all moneys paid out by him for medicines and doctor's bills; also for bodily pain and anguish of mind arising from the hurt; also for the injury, present and prospective, to plaintiff's arm and its use to him during life.   Taking all these things into consideration, you should assess such a sum for damages as in your judgment and discretion will fully and reasonably compensate plaintiff in these particulars.

Instructions were given on motion of defendant as follows:

1.   The court instructs the jury that, before the plaintiff can recover in this action, he must show; by a preponderance of the evidence, that the injury complained of was the result of the negligence of the defendant or its agents or servants.

2.  That if the plaintiff was guilty of contributory negligence, that is, if his conduct on the occasion of the alleged injury was such as amounted to a want of ordinary care, as concurring and co-operating with the negligent act of the defendant, then you should find for the defendant.

3.  If the defendant were guilty of want of ordinary care, tending to produce the injury complained of, still the plaintiff will not be entitled to recover in this action if he could, by the exercise of ordinary care, have avoided the consequence of defendant's negligence; or, in other words, the plaintiff cannot recover when his own negligence proximately contributed to produce the injury of which he complains; and the question as to whether plaintiff exercised ordinary prudence and caution is a question of fact for the jury to determine.

4.  If the jury find that plaintiff was injured by the falling of a wire on his horse, producing a fall by which he received his alleged injuries, he must show, by a preponderance of the evidence, that it was the wire of the defendant company, or, if the wire of another company, that it was let fall by an employee of defendant, if they should find that plaintiff received injuries by or on account of the negligence of any person or corporation.

The defendant asked but the court refused to give the following instruction :

5.  The court further instructs the jury that if they find that the plaintiff left his horse unfastened, untied or unsecured, or not in the charge of some responsible person, and that the injury complained of would not have happened or occurred from the alleged negligence of defendant if plaintiff had so secured the horse, then the plaintiff is guilty of contributory negligence, and you should find for defendant.

The defendant excepted to the giving of instructions three, four, seven and eight for plaintiff and to the court's refusal of number five for defendant.

*Clayton, Brizzolara & Forrester* for appellant.

1.    The proof is not sufficient to support the finding of the jury.

2.    In its instructions the court *assumes* that the falling of the wire would constitute negligence *per se.* The burden was on plaintiff to show negligence.    Sh. & Redf. Neg. (4th ed.), sec. 57 ; 36 Ark. 611.    The instructions also ignore the question of contributory negligence. 11 Bradw. (Ill. App.), 180 ; 5 *id.* 201.    The appellee should fail to recover, unless the testimony shows he was free from negligence without which the injury would not have happened, or if the injury was caused by mutual negligence ; and in the view that both these questions were pressed, the instructions were erroneous.    24 Pa. St. 469 ; 42 *id.* 493 ; 71 *id.* 439 ; 16 Vt. 230 ; 20 N. Y. 65 ; 24 *id.* 431 ; 72 Mo. 455 ; 51 Ark. 467.

3.    It was error to refuse instruction five.    See 52 Cal. 45 ; Whart. Neg. 420 ; Thomps. Neg. sec. 10 ; Beach, Cont. Neg. sec. 444 (2d ed.) ; 56 Hun, 113 ; 3 Allen, 176 ; 6 Gray, 505 ; 119 Mass. 135 ; 34 Mo. 469 ; 71 Pa. St. 439 ; 24 N. Y. 432.    The court should have instructed the jury that if the unlawful act contributed to cause the alleged injury, the appellee was not in the exercise of due care.    146 Mass. 596 ; 4 Am. & Eng. Enc. Law, title, "Contributory Negligence," division 34 and cases cited ; Beach, Cont. Neg. (2d ed.), sec. 34. It has been held to be negligence *per se* to leave a team standing on the highway unhitched and unattended.    9 Oh. St. 484 ; 63 N. H. 610.    If one puts himself or property in danger, there is a presumption that he, *ipso facto,* assumes such risks as may be reasonably apprehended from such a course of conduct.    74 Wis. 433 ; 36 Wis.

404 ; 76 Mich. 31 ; Beach, Cont. Neg. (2d ed.), sec. 37, pp. 48–49, and secs. 38–39 and cases cited.

*R. T. Kerr* for appellee.

1.  There was evidence to sustain the verdict, and this court will not disturb it.

2.  The third and fifth instructions correctly state the law, considered in connection with the others given. 37 Ark. 254 ; 48 *id.* 407. 'This is a case where the maxim "*Res ipsa loquitur*" applies, and negligence is an inference of law. 16 Am. & Eng. Enc. Law, p. 450 ; 10 Cent. L. J. 261 ; 2 Thomps. Neg. 1227 ; Sh. & Redf. Neg. (4th ed.), sec. 56, note 2 and secs. 59, 60 ; 16 A. & E. Enc. Law, p. 449 and note 1 ; 144 Mass. 404 ; 20 S. W. Rep. 1044 ; 53 Fed. Rep. 219 ; 14 S. W. Rep. 863 ; 134 N. Y. 418 ; 99 *id.* 158 ; 57 *id.* 567.

3.  Contributory negligence is fairly defined in instructions 2 and 3, which were supplemented by giving Nos. 2 and 3 for defendant. Besides there was no evidence to base No. 5 upon. See 80 N. Y. 212 ; 46 Ark. 149 ; *ib.* 524.

HUGHES, J. There was evidence to support the verdict of the jury. The damages were not excessive.

Was there error in the instructions given ? Taken together, they declare the law applicable to the case. The court is of the opinion that the third should have been qualified by a statement that if the jury found the facts referred to in the instruction, and they were unexplained by evidence showing that the falling of the wire was unavoidable by the use of proper care on the part of the appellant, it made a *prima facie* case of negligence against it. The rule is that the happening of the accident from which injury results, where the occurrence is not out of the usual course, is *prima facie* evidence of negligence, which throws the burden upon the appellant of showing that the occurrence was unavoidable.

1. Negligence as to fall of overhead wire.

The maxim "*Res ipsa loquitur*" applies to such a case. *Railway Co.* v. *Hopkins*, 54 Ark. 209; *Railway Company* v. *Mitchell*, *ante*, p. 418. But as there was no attempt by the appellant to show that the falling of the wire was unavoidable, the instruction was not prejudicial to the appellant. For such an error the court will not reverse.

2. Contributory negligence question for jury. As to the fifth instruction refused by the court, there was no evidence upon which to base it. At the time the wire fell and caused the horse to start, the appellee was in his wagon, and the deaf mute boy was on the seat of the wagon. We are of the opinion that the question whether at the time of the accident the appellee had left his horse standing in the street without a competent person in charge of him was a question of fact properly left to the jury under the instructions of the court. On the evidence in this case it could hardly be said that the appellee could have been convicted of a misdemeanor, under the ordinance of the city of Fort Smith, for leaving his horse in the street, without a competent person to take charge of him. The jury might have found that the appellee being in the wagon was in charge of him himself, or they might have found the deaf mute boy, being on the seat of the wagon, was competent to take charge of him. The horse did not run away. The ordinance shows that its purpose is to make owners of horses left in the street, without some competent person to take charge of them, responsible for all damages caused by the horse running away, and to punish the act as a misdemeanor, in the interest of the public as a police regulation.

Finding no substantial error, the judgment is affirmed.