JOHNSON *v.* GREENFIELD.

4-8006 198 S. W. 2d 403

Opinion delivered December 23, 1946.

*Adams & Willemin,* for appellant.

*Yingling & Yingling* and *Hugh Williamson,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, W. H. Johnson, is a carrier of passengers for hire and operates a line of motor coaches out of Jonesboro. Arkansas, known as Great Southern Coaches. Appellee, Mrs. Edna Greenfield, brought this action for damages to compensate for personal injuries allegedly sustained by her as a passenger on one of appellant's buses, while en route from Jonesboro, Arkansas, to Newport, Arkansas, on November 15, 1944.

It was alleged in the complaint that injuries to appellee resulted from a sudden breakdown of the bus when the left rear dual wheels ran off the bus. The complaint charged negligence on the part of appellant as follows:

"That the negligence of the defendants consisted in putting and placing said bus in service with defective equipment, defective axle, lug bolts, wheel hubs and hub machinery and equipment which keep the wheels on said bus in order and safe and which kept the wheels in question on this bus safe, which the defendants knew or could have known by the exercise of ordinary care were defective and which was unknown to plaintiff. That said negligence caused the said rear wheels of said bus to run off and thereby injure the plaintiff."

The answer of appellant denied the allegations of the complaint and alleged that appellant maintained a well equipped mechanical department where all buses were regularly and carefully inspected; that the bus in which appellee was a passenger was thoroughly inspected immediately preceding the trip on which the injury was alleged to have occurred; and that any defect in the wheels and lug bolts of the bus was a hidden or latent defect and not discoverable by the highest degree of care on the part of appellant.

Trial before a jury resulted in a verdict and judgment in favor of appellee for $2,000 from which is this appeal.

Appellee offered proof to the effect that she and her sister boarded the bus at Jonesboro, Arkansas, and occupied a seat in the rear of the crowded bus. They had proceeded to a point about 15 miles out of Jonesboro when the left rear dual wheels ran off the bus, throwing appellee out of her seat and resulting in injuries, which she described to the jury. After waiting for another bus about an hour, appellee and other passengers proceeded to Newport, where the bus driver gave her a card and advised her to go to a hospital, which she did the next day.

Testimony by witnesses for appellant, and photographic exhibits, show that rear dual wheels are attached to the traction mechanism by so-called lug bolts, six extending through on either side, and presumptively

made secure through use of conveniently accessible nuts. Following the bus breakdown it was found that three bolts on the left wheel had broken "in a row" and the threads of the remaining three were "stripped" and the nuts came off.

Luther Coble testified on behalf of appellant that it was his duty to check the fuel, water and wheels of the 14 buses operated by appellant before each trip. He gave the buses about the same inspection that is given when a person drives into a filling station except that the lugs were always checked. He remembered that he inspected this bus on the day of the accident because the general mechanic, Hardin, cautioned him to be sure all the lugs were tight. They were getting inferior materials at this time, and he had twisted a lot of the bolts off in trying to tighten them.

Bill Hardin testified that it was his duty to check all mechanical parts of the buses before each trip. He went to the scene of the accident and inspected the hub and wheel of the bus. It was his opinion that three of the lug bolts had first broken "in a row" which caused the threads of the other three to be "stripped." New lug bolts had been placed in this particular wheel about a month before the wheels ran off. It was not unusual for the bolts to break and it happened every few days. If the lugs are tightened too much, the threads will usually strip, and if the bolt is defective, it will break off when tightened. They had considerable trouble getting bolts made of good material about the time of the accident and used the best they could get at that time. It would ruin the lug bolts to take them out of the wheel for inspection.

On cross-examination Hardin first testified that he did not caution Coble to check the lugs on the bus immediately preceding the accident, but later testified that he remembered giving such instructions because this was done every time a bus was brought in for inspection.

The case was tried under the doctrine of *res ipsa loquitur*. At the request of appellee the trial court gave

instructions Nos. 4 and 5 as follows: "No. 4—You are instructed that where the defendant owes a duty to the plaintiff to use care and an accident happens causing injury, and the accident is caused by the thing or instrumentality that is under the control or management of the defendant, and the accident is such that in the ordinary course of things it would not occur if those who have control and management use proper care, then, in the absence of satisfactory evidence to the contrary, this would be evidence that the accident occurred from the lack of proper care by the defendant.

"No. 5—You are instructed that in this case the happening of the accident from which the injuries resulted is *prima facie* evidence of negligence of the defendant, and shifts to the defendant the burden of proving that it was not caused through any lack of care on its part."

Appellant earnestly contends that the doctrine of *res ipsa loquitur* does not have the effect of shifting the burden of proof as distinguished from the burden of going forward with the evidence, and that the trial court committed reversible error in giving instruction No. 5, *supra*. Imminent authority cited by appellant in support of this contention demonstrates the wide divergence of opinion on the question. 38 Am. Jur., Negligence, § 311. See, also, Mark Shain's treatise on the subject in his recent book, "Res Ipsa Loquitur, Presumptions and Burden of Proof."

The principles embodied in instructions Nos. 4 and 5, *supra,* have been approved by this court in a long line of decisions. Many of these cases are collected and analyzed in an exhaustive treatment of the doctrine of *res ipsa loquitur* in the case of *Chiles* v. *Fort Smith Commission Co.,* 139 Ark. 489, 216 S. W. 11, 8 A. L. R. 493. One of our first cases applying the doctrine where liability of a common carrier for injuries to a passenger was involved, is that of *Railway Company* v. *Mitchell*, 57 Ark. 418, 21 S. W. 883, where Mr. Justice HUGHES, speaking for the court, said: "It is true that the burden was upon

the appellee to show by proof that the railway company was guilty of negligence. The mere fact that the appellee was injured, without more, was not sufficient to raise a presumption of negligence on the part of the railway company. But the derailment of the car and its overturning, and the injury to the appellee thereby, being in the usual course, a logical inference of negligence might be drawn therefrom; hence they were sufficient to cast upon the appellant the burden of proving that the injury was not caused by any want of care on its part. In such a case the maxim '*res ipsa loquitur*' applies."

In *Southwestern Tel. & Tel. Co.* v. *Bruce*, 89 Ark. 581, 117 S. W. 564, plaintiff was burned by a wire which the telephone company strung across a vacant lot. Instructions like those in the case at bar were there approved, and this court said: "And, where the defendant owes a duty to plaintiff to use care, and an accident happens causing injury, and the accident is caused by the thing or instrumentality that is under the control or management of the defendant, and the accident is such that in the ordinary course of things it would not occur if those who have control and management use proper care, then, in the absence of evidence to the contrary, this would be evidence that the accident occurred from the lack of that proper care. In such case the happening of the accident from which the injury results is *prima facie* evidence of negligence, and shifts to the defendant the burden of proving that it was not caused through any lack of care on its part."

The case of *Ark. Light & Power Co.* v. *Jackson*, 166 Ark. 633, 267 S. W. 359, involved the electrocution of an employee of the company while opening an electric switch and the doctrine of *res ipsa loquitur* was held applicable. The trial court in that case gave the following instruction over the objection of defendant: "You are instructed that, where injury or death is caused by a thing or instrumentality that is under the control or management of the defendant, and the injury or death is such that, in the ordinary course of things, would not

occur if those who have such control or management use proper care, the happening of the injury is *prima facie* evidence of negligence, and shifts to the defendant the burden of proving that it was not caused through lack of care on defendant's part." In passing on the correctness of the instruction this court said: "The doctrine of *res ipsa loquitur* does not relieve the plaintiff of the burden of proving negligence; it merely declares the conditions under which a *prima facie* showing of negligence has been made, and, where this has been done, the defendant having the custody and control of the agency causing the injury and the opportunity to make the examination to discover the cause, must furnish the explanation which this opportunity affords to overcome the *prima facie* showing made by the plaintiff. Such is the purport of the instruction, as we understand it, and no error was committed in giving it under the facts of this case."

In *Pine Bluff Co.* v. *Bobbitt,* 168 Ark. 1019, 273 S. W. 1, similar instructions were under attack by the appellant, but the court said: "Appellant contends that the instructions given by the trial court as a guide to the jury were erroneous because they placed the burden upon appellant to justify or excuse itself from transmitting the current of electricity through its guy wire which burned the child. Under the circumstances of the injury a *prima facie* case of negligence on the part of appellant was made, which entitled appellee to go to the jury, and placed the burden on appellant to justify or excuse its negligence." This rule was also followed in *Jacks* v. *Reeves,* 78 Ark. 426, 95 S. W. 781, and *St. L. I. M. & S. Ry. Co.* v. *Armbrust,* 121 Ark. 351, 181 S. W. 131, Ann. Cas. 1917D 537.

Insofar as the doctrine of *res ipsa loquitur* is applicable to carriers, the holding of our cases seems to be in accord with the rule generally followed as it is stated in 13 C. J. S., Carriers, § 764, pp. 1448-1451. At p. 1460 of the same work, it is said: "Where an accident causing injuries to a passenger occurs through the breaking, or the defective condition of some portion, of the machinery

or appliances by which the passenger is carried, a *prima facie* case of negligence on the part of the carrier is made out. It is then incumbent on the carrier, in order to prevent a recovery, to show that the injury occurred without any negligence on its part, and that it was the result of an inevitable accident.' The passenger does not have the burden of proving latent defects in appliances and defendant's knowledge thereof.''

Appellant also contends that the giving of instruction No. 5 was erroneous because it assumed that injury to appellee resulted from the accident without telling the jury that they must first find that appellee was, in fact, injured as a result of the accident. The instruction, standing alone, would be subject to this objection. However, in instructions No. 1-A, requested by appellant, and No. 2, requested by appellee, which were given by the court, the jury were required to find by a preponderance of the evidence that appellee was in fact injured as a result of the breakdown of the bus, and the burden was placed on appellee to prove the negligence of appellant as alleged in the complaint. The court further told the jury that they were not to take one instruction alone as the law of the case, but must consider them together and as an harmonious whole. When thus considered, the instruction is not subject to the objection made by appellant. Tested in the light of our former decisions, instructions Nos. 4 and 5, *supra,* correctly stated the law applicable to the facts in the instant case, and there was no error prejudicial to appellant in giving them.

Appellant also contends that the trial court erred in refusing to direct a verdict in his favor. It is insisted that the evidence is undisputed that the defective equipment which caused the accident was a hidden and latent one, which was impossible of discovery by the highest degree of care. It is argued that the presumption of negligence arising from the doctrine of *res ipsa loquitur* was completely dispelled by the proof offered on behalf of appellant, and appellee, therefore, did not meet the burden of proof resting upon her on the whole case. We

cannot agree with appellant in this contention. The presumption of negligence raised by the *res ipsá loquitur* doctrine will ordinarily carry the plaintiff's case to the jury and does not take flight on the presentation of rebutting evidence. The rule supported by the great weight of authority is stated in 38 Am. Jur., Negligence, § 355, p. 1062, as follows: "In those cases in which the doctrine of *res ipsa loquitur* applies and an inference of negligence is permissible from the mere happening of an accident, or where a presumption of negligence results from the acts of the defendant, it is generally deemed sufficient evidence to take the case to the jury, and the case may present a question of fact for the jury and not one of law for the court, even though the evidence of the defendant would, if true, be sufficient to rebut the presumption of negligence. It is said that the presumption of negligence raised by the *res ipsa loquitur* doctrine will carry the plaintiff's case to the jury, even where there is strong rebutting evidence."

The question whether the evidence offered by appellant in explanation of the breakdown of the bus outweighed the presumption of negligence raised by the doctrine of *res ipsa loquitur* was for the jury under the facts presented on this issue. It is not enough that the evidence offered on behalf of appellant would, if true, be sufficient to rebut the presumption, because it is the province of the jury to pass on the credibility of the witnesses and the truthfulness of their testimony. In instruction No. 2 given at the request of appellant the trial court told the jury that appellant would not be liable for hidden or latent defects in the equipment which were not discoverable by careful inspection. We think different inferences might reasonably be drawn from the testimony of the two employees of appellant regarding the degree of care exercised in making the bus safe, and that the jury was warranted in finding that the explanatory evidence did not overcome the presumption arising from the proof made by appellee.

In the oral argument before this court, appellant advanced the view taken by some courts that where a plaintiff makes one or more specific allegations of negligence in his complaint, he cannot rely upon the presumption arising under the *res ipsa loquitur* rule. Under our decisions, the pleadings do not limit to any extent the employment of the doctrine of *res ipsa loquitur* in those cases in which the doctrine is otherwise applicable. In *Biddle et al., Receivers,* v. *Riley,* 118 Ark. 206, 176 S. W. 134, L. R. A. 1915F 992, Chief Justice McCulloch, speaking for the court, said: "It is true, there are cases cited on the brief of counsel for defendant, holding that a specific allegation of negligence waives the general presumption arising from the maxim. . . . , but that rule has never been adhered to in this State. On the contrary, this court, in the recent case of *St. Louis & San Francisco Rd. Co.* v. *Coy,* 113 Ark. 265, 168 S. W. 1106, reiterated the rule long observed in this State that pleadings are treated as amended to conform to the proof in the case, and it necessarily results from the operation of that rule of practice here that the plaintiff can take advantage of the general presumption which arises in the jurisdiction where the injury occurred, even though there are one or more specific allegations of negligence in the complaint. The just rule on the subject, and the one which we prefer to follow, is that 'a plaintiff who proves the happening of an accident, and is otherwise entitled to certain presumptions arising therefrom, does not lose the benefit of such presumptions because he has alleged what he conceives to be the specific cause of the accident.' *Kluska* v. *Yeomans,* 54 Wash. 465, 103 Pac. 819, 132 Am. St. Rep. 1121."

Appellee offered substantial testimony as to the nature and extent of the injuries sustained by her as a result of the breakdown of the bus. Since appellant does not contend that the verdict is excessive, we deem it unnecessary to detail this testimony.

We find no prejudicial error in the record, and the judgment is affirmed.