Coca-Cola Bottling Company of Helena *v.* Mattice.

4-9555                                    243 S. W. 2d 15

Opinion delivered October 22, 1951.

Rehearing denied November 26, 1951.

*Burke & Burke* and *Bridges, Bridges, Young & Gregory;* for appellant.

*D. S. Plummer,* for appellee.

Minor W. Millwee, Justice. Appellee, Dr. H. W. Mattice, recovered a verdict and judgment for $12,500 against appellant, Coca-Cola Bottling Company of

Helena, Arkansas, for injuries sustained from the alleged explosion of a bottle of Coca-Cola manufactured by appellant at its bottling plant in Forrest City, Arkansas.

The evidence on behalf of appellee is to the following effect: Appellee resides at Marianna, Arkansas, where he has engaged in the practice of dentistry since 1922. About 10 a. m. on the day of his injury in September, 1947, appellee's wife purchased from a Marianna grocer a case of Coca-Colas which had been delivered to the grocery store by a truck from appellant's plant at Forrest City. The case of drinks was removed from a stack in the store where it had been placed by appellant's truck driver and carefully placed in the car driven by appellee's wife and transported to the Mattice home. Mrs. Mattice carefully placed the case behind a shrub where such drinks were usually kept.

After lunch at the Mattice home, appellee, his daughter, Clyde Mattice, and office assistant, Sybil Rice, started to return to appellee's office in his car about 1 p. m., when appellee indicated that he would like to take some Coca-Colas to the office. Either Mrs. Mattice or Miss Rice took five or six bottles of Coca-Cola from the case and placed them on the floor of the rear compartment of the two-door sedan on the right side with the bottles lying flat on the floor and the crowns facing the rear seat. Clyde Mattice entered the front seat and appellee the rear seat of the car. Appellee was seated slightly to the left side on the rear seat of the car and was reaching over the bottles of Coca-Cola to open the right-hand car door for Miss Rice to enter, when one of the . bottles exploded. Appellee's hand was about twenty-four inches above the bottles and the flying glass severed the radial nerve of his right wrist and cut his index finger. Since there is no contention that the verdict is excessive, we refrain from further detail of the serious and disabling nature of the injury.

Appellee and his daughter were positive in their statements that he did not touch the bottles with his feet

and that said bottles were not otherwise agitated after they were placed on the floor of the car.

At the conclusion of the testimony on behalf of appellee, appellant moved for an instructed verdict on the ground that appellee had failed to establish the material allegations of the complaint and particularly the allegation that appellant was negligent in putting too high a carbonation in and otherwise negligently charging, filling, and capping the bottle which allegedly caused the injury. The motion was overruled on the ground that a *prima facie* case had been made under the doctrine of *res ipsa loquitur,* which the court held applicable.

Appellant then offered general but detailed proof of its bottling operation at its Forrest City plant about the time of the injury showing the various precautionary steps in the bottling process designed to prevent overcharging with carbonation or the use of defective bottles. Although daily written reports were made showing the hourly bottle pressure, bottle temperature and gas volume employed in the bottling process in September, 1947, such records were not preserved or introduced in evidence.

Scientific proof was also introduced to show that Coca-Cola bottles generally could withstand pressures several times greater than appellant's equipment, when properly used, could put in them and that during the bottling process the bottles were subjected to such pressure as to eliminate weak or defective bottles. There was also general proof to the effect that the bottled product was handled carefully in making deliveries to retail stores but no specific proof as to the manner in which the case in question was handled.

Appellant's first contention for reversal is that the trial court erred in holding the doctrine of *res ipsa loquitur* applicable. We held the doctrine applicable to exploding bottled beverages in the recent case of *Coca-Cola Bottling Co. of Fort Smith* v. *Hicks,* 215 Ark. 803, 223 S. W. 2d 762, but it is insisted that this is the minority rule and that appellee's proof is insufficient to invoke

the rule announced in that case. We there held that the fact that the instrumentality causing an injury may have actually passed out of the physical possession of the defendant does not foreclose application of the *res ipsa loquitur* doctrine, "when a plaintiff shows that an exploding bottle was handled with due care after it left the control of the defendant and that the bottle had not been subject to extraneous, harmful forces during that time." It is undisputed that the case of Coca-Colas which contained the bottle which later exploded was delivered to T. K. Fong's Grocery by appellant. Appellee offered testimony tending to show that the case of Coca-Colas remained undisturbed in the store where it was stacked by appellant's driver until it was carefully placed in appellee's car and transported to his home and deposited in the shrubbery near the house where it remained unmolested for about two hours when six of the bottles were removed and placed on the car floor without any undue handling of the bottles. There was further evidence that the six bottles were in no manner disturbed from the time they were placed on the floor until the bottle exploded.

In instructions requested by both parties the jury was required to find, and the burden was placed on appellee to show, that the explosion was not caused by any act of appellee or third persons who may have handled the bottle and that no other independent cause intervened to bring about the explosion from the time the bottle left the control of appellant. When the evidence is considered in the light most favorable to appellee, we deem it sufficient to satisfy the burden thus placed upon him.

It is next argued that even if the *res ipsa* doctrine is applicable, the *prima facie* case made by appellee, or the presumption of negligence arising from proof of the circumstances of the injury, was completely dispelled when appellant "offered" proof of its due care "at or about" the time the bottle of Coca-Cola in question was manufactured and sold. In support of this contention appellant cites several cases that do not involve the doctrine of *res ipsa loquitur*. Typical of these are some of

our later cases which deal with statutes creating a presumption of negligence on the part of a railroad company upon proof of injury caused by the operation of a train. After the decision in *Western & Atlantic R. R. Co.* v. *Henderson,* 279 U. S. 639, 49 S. Ct. 445, 73 L. Ed. 884, holding similar statutes in other States unconstitutional when construed as requiring the railroad company to overcome the statutory presumption of negligence by a preponderance of the evidence, this court was obliged to change its former holdings to conform to the new interpretation thus placed on such statutes. Our later railroad cases hold that the presumption of negligence created by the statute disappears upon production by the railroad company of some substantial proof to the contrary and that the question of negligence is ordinarily one for the jury upon all the evidence. See, *St. Louis-San Francisco Railway Co.* v. *Cole,* 181 Ark. 780, 27 S. W. 2d 992; *St. Louis-San Francisco Railway Co.* v. *Mangum,* 199 Ark. 767, 136 S. W. 2d 158.

In several cases where the doctrine of *res ipsa loquitur* was involved, and not some other type of presumption, we have refused to apply the rule laid down in the railroad cases. These cases hold that where a defendant offers proof to offset the presumption of negligence raised by the doctrine, the question whether he has done so is for the jury to determine under proper instructions. Such is the effect of our holdings in *Southwestern Tel. & Tel. Co.* v. *Bruce,* 89 Ark. 581, 117 S. W. 564; *Arkansas Light & Power Co.* v. *Jackson,* 166 Ark. 633, 267 S. W. 359; *Arkansas Gen. Utilities Co.* v. *Shipman,* 188 Ark. 580, 67 S. W. 2d 178.

In the recent case of *Johnson* v. *Greenfield,* 210 Ark. 985, 198 S. W. 2d 403, we said: "It is argued that the presumption of negligence arising from the doctrine of *res ipsa loquitur* was completely dispelled by the proof offered on behalf of appellant, and appellee, therefore, did not meet the burden of proof resting upon her on the whole case. We cannot agree with appellant in this contention. The presumption of negligence raised by the *res ipsa loquitur* doctrine will ordinarily carry the plain-

tiff's case to the jury and does not take flight on the presentation of rebutting evidence. The rule supported by the great weight of authority is stated in 38 Am. Jur., Negligence, § 355, p. 1062, as follows: 'In those cases in which the doctrine of *res ipsa loquitur* applies and an inference of negligence is permissible from the mere happening of an accident, or where a presumption of negligence results from the acts of the defendant, it is generally deemed sufficient evidence to take the case to the jury, and the case may present a question of fact for the jury and not one of law for the court, even though the evidence of the defendant would, if true, be sufficient to rebut the presumption of negligence. It is said that the presumption of negligence raised by the *res ipsa loquitur* doctrine will carry the plaintiff's case to the jury, even where there is strong rebutting evidence.' ''

The same rule is stated in 65 C.J.S., Negligence, § 220 (9) d (b), as follows: ''According to most authorities, the mere fact that defendant has introduced evidence which, if accepted by the jury, would exonerate defendant does not ordinarily destroy the presumption of negligence raised by plaintiff's proof or authorize the jury to disregard it or authorize a finding of the absence of negligence as a matter of law or warrant an affirmative direction for defendant. The rule is that, when all the evidence is in, the question whether defendant has rebutted the inference or presumption is for the jury, and the case must be submitted to the jury to determine where the preponderance of evidence lies, for the weight of the explanation, like the weight of the inference, is for the determination of the jury; and it has been said broadly that this is true regardless of the strength or probative value of defendant's evidence.''

Appellant relies on the case of *Heard* v. *Arkansas Power & Light Co.*, 201 Ark. 915, 147 S. W. 2d 362, and correctly says that there is a substantial conflict between the holding in that case and those above cited. It is not certain from the majority opinion whether that case was tried on the *res ipsa* doctrine or the ten specific acts of negligence alleged in the complaint which the court found

the plaintiff wholly failed to prove. But the court assumed, without deciding, that the *res ipsa* doctrine was applicable and applied the rule followed in the railroad cases holding that the rebuttable presumption of negligence disappeared and had no further place in the case when the defendant "offered" proof of its due care. This holding is not only contrary to the great weight of authority but also contrary to the rule which this court has consistently followed in *res ipsa loquitur* cases and to that extent it is overruled. We think the majority rule is salutary. If the *prima facie* case made by plaintiff in a case where the doctrine of *res ipsa loquitur* is applicable may be completely dissipated by merely offering some proof of due care on defendant's part, then the whole doctrine is dangerously weakened if not completely devitalized. If the trier of facts is bound to accept such offered proof regardless of its questionable or perjured character, the jury's time-honored province of determining the credibility of witnesses and the weight to be given testimony is not only invaded but utterly subdued.

We next consider the assignments of error relating to the giving of Plaintiff's Requested instructions Nos. 2 and 3 which read: "No. 2. If you find from a preponderance of the testimony that the bottle of Coca-Cola exploded and proximately caused the injury complained of, was manufactured, sold and distributed by the defendant herein and that it actually exploded and caused the injury; and you further find from a preponderance of the evidence that there was no negligence on the part of the plaintiff H. W. Mattice and that no independent cause intervened between the time the bottle left the exclusive possession of the defendant and the time of the explosion, that would cause the explosion, you are then instructed that the fact of the explosion of the said bottle raises a presumption of negligence on the part of the defendant and your verdict will be for the plaintiff, unless you should find that the presumption of negligence has been overcome by evidence on the part of the defendant.

"*Upon proof of the fact of the explosion, as set out in the above instruction, the burden of proof then shifts to the defendant to show by a preponderance of the evidence that it was free from negligence and upon failure of the defendant to meet that burden of proof you will be warranted in finding for the plaintiff.* (Italics supplied.)

"No. 3. You are instructed that where the explosion is caused by a bottle of Coca-Cola that is under the control and custody of the defendant, or that after it left the control and custody of the defendant it is shown by a preponderance of the evidence that the bottle has not been subjected to extraneous harmful forces during that time, and that the explosion and injury is such that in the ordinary course of things would not occur, if those who have such control and custody use proper care, the happening of the explosion with the resulting damage is *prima facie* evidence of negligence, and shifts to the defendant the burden of proving that it was not caused by the negligence of the defendant."

Each of the instructions was specifically objected to because it placed the burden of proof in the whole case on appellant to show that it was not guilty of negligence when the burden is actually upon appellee to prove negligence and because the instructions set up two different burdens for appellant and were contradictory within themselves and with other instructions given. In disposing of this contention, we examine briefly the development of the *res ipsa* doctrine. It was first announced by the English courts apparently as a court-made rule of substantive law. The English decisions hold that the presumption of negligence arising under the doctrine is a legal presumption which shifts the burden of proof to defendant to prove himself free from negligence by a preponderance of the evidence. The English cases were followed by early decisions in this country. Typical of these is our own case of *Railway Co.* v. *Hopkins,* 54 Ark. 209, 15 S. W. 610, where an instruction was approved which definitely recognized the burden shifting rule, cit-

436

ing the English case of *Kearney* v. *London Ry. Co.*, L. R.,
6 Q. B., 759; 10 Central L. J., 261. See, also, *Railway Company* v. *Mitchell*, 57 Ark. 418, 21 S. W. 883; *Arkansas Telephone Co.* v. *Ratteree*, 57 Ark. 429, 21 S. W. 1059; *Jacks* v.
*Reeves*, 78 Ark. 426, 95 S. W. 781.

In later American cases much confusion and division
of authority has developed concerning the effect of the
doctrine on the burden of proof, as is demonstrated by
the following statement in 65 C. J. S., Negligence, § 220
(9) b: "The general rule, as broadly stated in the cases,
is that, where plaintiff has established a presumptive
or *prima facie* case of negligence by virtue of the doctrine
of *res ipsa loquitur*, it is then incumbent on defendant, if
he wishes to avoid the effect of the doctrine or the risk of
the inference or presumption which may arise, to introduce evidence to explain, rebut, or otherwise overcome
the presumption or inference that the injury complained
of was due to negligence on his part. Although it has
been variously said by some courts that the application
of the doctrine of *res ipsa loquitur* shifts or regulates the
burden of proof, and not merely the burden of going
forward, and some cases have even held or stated that it
shifts to, or imposes on, defendant the burden to establish his freedom from negligence, according to the judicial decisions on the question, by a preponderance of the
evidence, in many cases it is held that the application of
the doctrine shifts to defendant the burden of proceeding or going forward with the evidence or the burden of
explanation, but that the burden of proof does not shift
and that, . . . defendant has successfully discharged
his burden when he has introduced evidence of sufficient
weight to offset the presumption in the minds of the jury
and produce a balance in their minds on the question
of its truth. Accordingly the general rule that the burden
of proving negligence on the part of defendant rests
throughout the trial on plaintiff is generally held not
affected by the doctrine of *res ipsa loquitur*, and the
burden is still on plaintiff to establish the negligence
of defendant, and, on the whole evidence, he must have
the preponderance in order to succeed, although where de-

fendant fails to overcome the presumption or inference raised by the doctrine this burden is sustained. The application of the doctrine of *res ipsa loquitur* does not convert defendant's plea of the general issue or general denial into an affirmative defense with respect to the burden of proof." The confusion becomes more confounded when the list of cases cited in support of the above statement shows several states following both views.

While our earlier cases clearly recognized the rule as adopted by the English courts, later cases have adopted the so-called general rule as above stated and hold that the true burden of proof in the sense of the risk of nonpersuasion does not shift but that the burden of producing or going forward with the evidence does shift. In *Arkansas Light & Power Co.* v. *Jackson, supra,* the following instruction was challenged: "You are instructed that, where injury or death is caused by a thing or instrumentality that is under the control or management of the defendant, and the injury or death is such that, in the ordinary course of things, would not occur if those who have such control or management use proper care, the happening of the injury is *prima facie* evidence of negligence, and shifts to the defendant the burden of proving that it was not caused through lack of care on defendant's part." In approving this instruction the court said: "This instruction does not tell the jury there was a presumption of negligence from the mere occurrence of the injury, nor did it relieve the plaintiff from the burden of proving negligence. The burden of proof to establish negligence was on the plaintiff, and the instruction did not shift this burden. . . . The doctrine of *res ipsa loquitur* does not relieve the plaintiff of the burden of proving negligence; it merely declares the conditions under which a *prima facie* showing of negligence has been made, and, where this has been done, the defendant having the custody and control of the agency causing the injury and the opportunity to make the examination to discover the cause, must furnish the explanation which this opportunity affords to overcome the *prima facie* showing made by the plaintiff. Such is the purport of the instruction, as we understand it, and no error was com-

mitted in giving it under the facts of this case." A similar instruction was approved in *Johnson* v. *Greenfield, supra*. See, also, *Chiles* v. *Fort Smith Comm. Co.*, 139 Ark. 489, 216 S. W. 11, 8 A. L. R. 493; *Pine Bluff Company* v. *Bobbitt*, 168 Ark. 1019, 273 S. W. 1; *Kirkpatrick* v. *American Ry. Expr. Co.*, 177 Ark. 334, 6 S. W. 2d 524; Anno. 59 A. L. R. 486.[1]

Under the decision in *Ark. Light & Power Co.* v. *Jackson, supra,* and subsequent cases, we find no error in the giving of Plaintiff's Requested Instruction No. 3 or the first paragraph of Instruction No. 2. But the language of paragraph 2 of Plaintiff's Requested Instruction No. 2 clearly shifted the true burden of proof to the appellant to show by a preponderance of all the evidence that it was free from negligence. It conflicted with other instructions given placing the burden of proof on appellee to establish his case by a preponderance of all the evidence. In the annotation in 42 A. L. R. 865 numerous cases are cited from those jurisdictions which recognize the so-called general rule, holding the giving of similar instructions prejudicial and ground for reversal. So we hold that the giving of paragraph 2 of Requested Instruction No. 2 resulted in reversible error.

Appellant also objected to the giving of Appellee's Requested Instruction No. 4 and the refusal to give Appellant's Instruction No. 12. These instructions deal with the measure of damages and we do not set them out. Appellant's Requested Instruction No. 12 would have told the jury that appellee could not be compensated for an

[1] The following appraisal of the status of our cases by Dean Robert A. Leflar and Joe E. Covington appears in Vol. 8, No. 2, University of Ark. Law School Bulletin, p. 63 (1940): "Most of the Arkansas cases bear out the idea that it does not make much difference whether the instruction to the jury says that the burden of proof has shifted to the defendant or only that the burden of going forward with the evidence has shifted. Both statements mean about the same thing to a jury, and as long as the jury gets from the instruction only a general idea that it is up to the defendant to produce rebutting evidence there is certainly no prejudicial error committed. That at bottom seems to be the effect of the Arkansas cases. But if an instruction saying that the burden of proof shifts be accompanied by further instructions setting out what would be the legal effect of a placement of the true burden of proof on the defendant, requiring the defendant to establish his case by a preponderance of all the evidence, the instruction would doubtless be held prejudicially erroneous."

aggravation of the original injury even though such aggravation flowed directly from the original injury. It was correctly rejected. If the instruction had been properly modified so as not to exclude recovery for an aggravation flowing directly from the original injury, it probably would have been given. There was no error in the giving of Appellee's Requested Instruction No. 4 when it is read in connection with Appellant's Requested Instruction No. 13 given by the court.

Error is also assigned in the admission of certain evidence. A witness for appellee was permitted to testify that he saw one of appellant's drivers pitch cases of Coca-Cola up on a platform six or eight feet from where he was standing shortly before the trial. Witnesses on behalf of appellant had previously testified in general that the drivers used great care in handling the cases and did not throw them around. While the challenged testimony was not admissible to prove one act of negligence by another, it was admissible as rebuttal testimony.

In the course of the cross-examination of two of appellant's witnesses, counsel for appellee exhibited a Coca-Cola bottle to and questioned them as to whether they considered the bottle safe. These witnesses stated that the exhibited bottle would not fill and would probably break in the bottling machine and that they did not consider it a safe bottle. In rebuttal counsel for appellee testified that he purchased the exhibited bottle from a local grocer a few days previously, that the bottle was full and the contents volatile when opened and in the same condition then as it was at the time of the trial. The only objection made to this testimony was that the bottle evidently came from the Helena plant of appellant and not from its Forrest City plant. It was shown that similar machines were used at other plants to that used at the Forrest City plant and the testimony of the witnesses cross-examined related to bottling machines in general. Like the testimony previously mentioned, this evidence was inadmissible to prove one act of negligence by another but competent to rebut the statement of appellant's witnesses. However, it would have little proba-

tive value as rebuttal testimony in the absence of a showing that the bottle was in a damaged condition when it was actually filled at the plant.

For the error indicated in the giving of Appellee's Requested Instruction No. 2, the judgment is reversed and the cause remanded for a new trial.

PAUL WARD, J., not participating.

GRIFFIN SMITH, C. J., dissents.