COCA-COLA BOTTLING COMPANY OF SOUTHEAST ARKANSAS
*v.* JONES.

5-1027                                                     295 S. W. 2d 321

Opinion delivered November 12, 1956.

954

*Thomas E. Sparks,* for appellant.

*Arvin A. Ross, John R. Wood, L. Weems Trussell* and *Nona L. Trussell,* for appellee.

GEORGE ROSE SMITH, J. This is an action by the appellee, who operates a small grocery at Dalark, to recover for personal injuries sustained when a bottle of Coca-Cola exploded just after he had placed it in an electric cooler. The jury fixed the plaintiff's damages at $4,500. It is contended by the appellant that the court erred in its instructions to the jury and that the verdict is excessive.

In defining the doctrine of *res ipsa loquitur* the court below gave verbatim the charge that was quoted as Instruction No. 3 in the opinion in *Coca-Cola Bottling Co. of Helena* v. *Mattice,* 219 Ark. 428, 243 S. W. 2d 15, 29 A. L. R. 2d 1379. This instruction tells the jury that the happening of the explosion is *prima facie* evidence of negligence "and shifts to the defendant the burden of proving that it was not caused by the negligence of the defendant." Although the instruction was approved in the *Mattice* case the appellant insists that the court's language was *dictum* and should be overruled.

Our former approval of this instruction was not mere *dictum.* The *Mattice* case was being remanded for a new trial on account of an error in another instruction, and it was therefore necessary to determine whether Instruction No. 3 might properly be given upon a retrial.

It was contended there, as it is here, that the jury should be told in so many words that the plaintiff's evidence shifts to the defendant only the burden of going forward with the evidence, as distinguished from the burden of proof in the whole case. We examined this issue in detail and, adhering to our prior decisions, held that the instruction in question does not cast on the defendant the burden of proving its freedom from negligence by a preponderance of all the evidence. We still consider that conclusion to be correct.

The appellant made a general objection to the trial court's instruction on the measure of damages. It is now insisted that the charge is inherently erroneous in permitting the plaintiff to recover "the damages which he may have sustained on account of the loss of net remuneration or earnings from his business . . ." The appellant argues that net remuneration must be taken to mean net profits; authority is then cited to show that lost profits are often not recoverable in personal injury cases.

We do not find the instruction to be inherently wrong, either upon this ground or upon two lesser grounds that are suggested in the appellant's brief. The plaintiff, who owned and conducted his own business, was incapacitated for several weeks by his injuries. His absence from the grocery store involved a financial loss that the jury were entitled to consider. Various phrases have been used to describe the compensable loss sustained when a self-employed person is disabled. We have said that "profits derived from the management of a business may properly be considered as measuring the earning power. This is especially true where the business is one which requires and receives the personal attention and labor of the owner." *St. Louis, I. M. & S. Ry. Co.* v. *Eichelman,* 118 Ark. 36, 175 S. W. 388. Much to the same effect is the statement that the damages are to be measured by the value of the proprietor's services during the period of his injury. Rest., Torts, § 924, Comment *c*; see also Damages 1935-1947, 61 Harv. L. Rev. 113, 164. In the case at bar the plaintiff did not attempt to prove a loss of profits in dollars and cents;

he merely established the length of time that he was kept away from his business. If the defendant believed that this element of damage could have been more accurately expressed by some language other than the court's reference to the loss of net remuneration or earnings from the business, the improved wording should have been offered in the form of a specific objection to the charge.

The amount of the award is not demonstrably excessive. The explosion threw shattered glass into the plaintiff's face and almost destroyed the sight of his left eye. He was confined to a hospital for five days and to his bed at home for another three weeks. The injury required a dozen trips to Little Rock for treatment and the wearing of a bandage for two months. At the time of the trial the plaintiff still suffered pain in the afflicted eye. An ophthalmologist testified that the vision in that eye is 20/260, which means that the appellee can see at a distance of 20 feet only what a person of normal vision can see at 260 feet. This physician says that the impairment is permanent and cannot be corrected by the use of glasses. In these circumstances an award of $4,500 is not unduly liberal.

Affirmed.