DR. PEPPER BOTTLING CO. OF NEWPORT *v.* WHIDDEN.

5-1087                                    296 S. W. 2d 432

Opinion delivered December 3, 1956.

[Rehearing denied January 7, 1957.]

*Williamson & Williamson,* and *Kaneaster Hodges,* for appellant.

*Murphy & Arnold,* for appellee.

ED. F. McFADDIN, Associate Justice. This case was tried before the Circuit Judge without a jury, and the

plaintiff[1] recovered a judgment for $3,000 for injuries claimed to have been received when a bottle of carbonated beverage exploded. The Trial Court stated:

"Since the Supreme Court of Arkansas positively and unequivocally stated that the *res ipsa loquitur* doctrine should be applied in the State of Arkansas in the Hicks[2] case, and it is the recollection of the court it was again applied in the Mattice[3] case, and there are no recent decisions altering the Supreme Court's declaration to that effect, then the law as laid down in those two cases by the Supreme Court of Arkansas is the law in Arkansas as pertaining to this type of action.

"The Court finds as a fact from the testimony of Von Dean Whidden that there was an explosion; that the injury of which she complains was the result of that explosion, or phrased differently, that the explosion was the proximate cause of that injury. The Court further finds as a fact there was no negligence on the part of the plaintiff. The Court further finds as a fact that there was no intervening cause by the plaintiff, nor does the record show there was an intervening cause set in motion by any other individual. And applying the *res ipsa loquitur* rule, the court finds for the plaintiff in the amount of $3,000."

Appellant brings this appeal, presenting seven points for reversal. We group these points:

I. The appellant says: "The physical facts demonstrate that the bottle did not break from internal pressure." Viewing the evidence in the light most favorable to the appellee[4], the following facts appear: Von Dean

---

[1] The action was filed by Luther Whidden, as father and next friend of Von Dean Whidden, a minor, but we speak of the little girl as the "plaintiff" or the "appellee".

[2] This is *Coca-Cola Bottling Co.* v. *Hicks*, 215 Ark. 803, 223 S. W. 2d 762.

[3] This is *Coca-Cola Bottling Co.* v. *Mattice*, 219 Ark. 428, 243 S. W. 2d 15.

[4] This is our rule in testing the sufficiency of the evidence to sustain the verdict or findings of fact from the Circuit Court. *Harrison* v. *Rosensweig*, 185 Ark. 281, 47 S. W. 2d 2; *Potashnick* v. *Archer*, 207 Ark. 220, 179 S. W. 2d 696; *Albert* v. *Morris*, 208 Ark. 808, 187 S. W. 2d 909.

Whidden was a little girl eleven years old in 1950. Her father, Luther Whidden, had a country grocery store and purchased carbonated beverages from the appellant, Dr. Pepper Bottling Company of Newport, Arkansas (hereinafter called "Dr. Pepper Company"). The bottles containing the carbonated beverages were filled, charged, capped and crated by the Dr. Pepper Company; and then delivered and stacked in Luther Whidden's store by the Dr. Pepper Company. On July 11, 1950, Von Dean Whidden was standing near the stacked crates of bottles, and one of the bottles containing a carbonated beverage ("strawberry soda pop") exploded, hurling a piece of glass that struck and cut Von Dean's bare foot and inflicted painful injuries thereto. The theory of the plaintiff was that the Dr. Pepper Company had been negligent in the bottling of the carbonated beverage, that such negligence caused the explosion and resulting damages, and that under the rule of *res ipsa loquitur* she should recover, unless Dr. Pepper Company proved itself free from actionable negligence.

There were only two witnesses who attempted to tell how the injury occurred: they were the little girl, Von Dean; and her mother, Mrs. Whidden. Von Dean said that the bottle that broke was in the top case of the stack and that she was about four feet from the bottle when it exploded.

"Q. How did the bottle get from the case in which it was setting, over in your foot?

A. Well, it exploded. When it exploded it just flew over.

Q. It flew across there?

A. Well, it blowed up, flew over and hit my foot . . .

Q. What part of the bottle hit your foot?

A. Top part.

Q. Did you observe the top part; did you see it?

A. Yes . . .

Q. Did you hear a noise?

A. I don't remember.

Q. You don't remember hearing a noise?

A. No . . .

Q. Do you know and do you remember whether or not you and your brother or anybody else in your presence, touched that bottle in any way?

A. They had not."

Mrs. Whidden testified:

"A. . . . I was in the back tending to the berries. She went to crying in the front part of the building. There is just a doorway in between and the curtains were pulled back. I ran in there and asked what was wrong and she told me, 'A bottle blowed up.' Half of it was still in the case and the other half with the top on it and was laying there by her.

Q. How far was it laying from her foot?

A. Right by her. I would say that close to her (indicating).

Q. That close is three or four inches?

A. Yes, that would be about right.

Q. Was her foot bleeding?

A. It sure was . . .

Q. You didn't hear a noise? . . .

A. I didn't hear the bottle."

The appellant says that Von Dean's and Mrs. Whidden's description of ". . . two whole parts of the broken bottle demonstrates that it had not exploded, but that, rather, it was broken by an external blow"; and the appellant says that the testimony of these witnesses should be disregarded as contrary to physical facts and the law of physics: citing *Magnolia Petroleum Co.* v. *Saunders*, 193 Ark. 1080, 104 S. W. 2d 1062; *Platt* v.

*Owens,* 183 Ark. 261, 35 S. W. 2d 358; and *St. L. S. W. Ry. Co.* v. *Ellenwood,* 123 Ark. 428, 185 S. W. 768.

But in *Alldread* v. *Mills,* 211 Ark. 99, 199 S. W. 2d 571, we discussed in some detail this matter of physical facts and physical laws:

" 'So frequently do unlooked-for results attend the meeting of interacting forces that courts, in such cases, should not indulge in arbitrary deductions from physical law and fact, except when they appear to be so clear and irrefutable that no room is left for the entertainment, by reasonable minds, of any other.'

"Regarding the defendant's first assignment, about incontrovertible physical facts in this case, it is not for us to substitute our conclusions for those of the jury, unless the physical facts demonstrate beyond a doubt that the verdict was erroneous. We cannot so declare in this case."

We conclude that in the case at bar we cannot say as a matter of law that it would have been impossible for a bottle to explode and the top part of the bottle to be hurled four feet, just as the witnesses stated. The Court saw these witnesses and believed what they said, and we cannot say that their testimony was physically impossible to be true.

II. *Res Ipsa Loquitur.* Appellant says: "The evidence is insufficient to establish an explosion for application of *res ipsa loquitur* doctrine." What we have said in disposing of appellant's first point applies here also. It must be borne in mind that there was evidence (1) that there had been no moving or handling of the bottles or crates from the time and place where Dr. Pepper's delivery man placed them a few days earlier; and (2) that the bottle was still in the same case when it exploded and injured the plaintiff. The evidence offered by the plaintiff placed the burden on the defendant of proving itself free from negligence under the *res ipsa loquitur* doctrine.

The appellant says: "There was no finding by the Court that defendant was negligent." We have previously copied two paragraphs from the judgment of the Trial Court. The answer to the appellant's contention is found in the Court's finding that there was an explosion and that no intervening cause had been set in motion by the plaintiff or anyone else. As stated in the Hicks case and the Mattice case, cited by the Trial Court, and as reiterated in our more recent case of *Coca-Cola Bottling Co.* v. *Jones,* 226 Ark. 953, 295 S. W. 2d 321 (Case No. 1027, decided Nov. 12, 1956), the burden shifted to the defendant, Dr. Pepper Company, to prove itself free of negligence in manufacturing the carbonated beverage and in the selection of the bottle. The Trial Court's application of the facts in this case to the *res ipsa loquitur* rule was correct.

III. *Alleged Errors In The Trial And The Amount Of The Judgment.* There are three of these points:

A. In the trial some reference was made to a letter to an insurance company; and appellant says that the judgment should be reversed because of such reference. But it must be remembered that this case was tried before the Judge without a jury. Even if there had been a sufficient objection to this insurance reference, certainly the Judge had judicial ability and discretion to refuse to allow any such reference to influence him. In 56 A. L. R. 1418 there is an Annotation concerning the effect of statements that the defendant carried liability insurance; and in that Annotation, at page 1487, it is stated:

"However, the rule that the introduction of evidence to show that defendant in a personal-injury case is protected by indemnity insurance is a ground for new trial does not apply in a case tried by a judge without a jury, or at least, if in such case the affirmative answer of the witness is afterwards struck out as incompetent and irrelevant, it will be treated as error without prejudice."

We have held that in some instances the instruction of the Trial Court to the jury will remove the effect of

the error. (See *Adams* v. *Summers*, 222 Ark. 924, 263 S. W. 2d 711.) Certainly the Trial Court could remove the same effect of error from his own mind. So we find no merit in appellant's contention on this point.

B. In the trial, a witness stated that Mrs. Whidden had told him *two days* after the injury about how Von Dean was hurt; and appellant claims that this self-serving evidence was inadmissible and necessitates reversal. A careful reading of the record convinces us that the witness was merely distinguishing between two conversations about five years apart; that the effect of what the witness said was not of sufficient importance to justify a reversal; and that from the way the matter came about in the record, any error was invited by appellant.

C. The Trial Court gave judgment for the plaintiff for $3,000; and appellant claims that this amount is excessive. We find no merit in this contention. The plaintiff suffered an injury to her foot and tendons. Besides the suffering, pain and injury in 1950[5], she was later compelled in 1955 to have an operation to correct the adhesion of the tendons; and medical and hospital expenses exceeded $209. The child suffered at intervals during the 5-year period and the attending physician testified that the operation did not completely relieve the pain. The child testified that she was continuing to suffer at the time of the trial on February 20, 1956. In view of all of the evidence, we do not regard the verdict as excessive.

IV. *Newly Discovered Evidence.* Finally, appellant claims that it was entitled to a new trial on account of newly discovered evidence. This new evidence was in the form of a booklet, written and published in 1939 by F. W. Preston, entitled, "Bottle Breakage — Causes and Types of Fracture." In the hearing on the motion for new trial, the officer of the Dr. Pepper Company testified that he had been in the bottling business some twenty or twenty-five years, and that the treatise

[5] The injury was on July 11, 1950, and this action was filed October 13, 1955, and the cause was tried on February 20, 1956; but there is no suggestion of any plea of limitations in this record.

by F. W. Preston is ". . . known as the bible. As I expressed it a while ago, the supreme court . . . This treatise is written by the man who heads the laboratory."

This article was published in February, 1939; and yet appellant's witness claimed that he did not know of this article until after the trial of February 20, 1956. The testimony certainly shows a lack of diligence: a booklet as important as a "bible" should have been familiar to one in the bottling business in far less than seventeen years from the date of publication. In the absence of a showing of diligence, the Trial Court did not abuse its discretion in refusing the motion for new trial. *Sellers* v. *Harvey*, 222 Ark. 804, 263 S. W. 2d 86; *Stockton* v. *Baker*, 213 Ark. 918, 213 S. W. 2d 896.

Affirmed.

Mr. Justice WARD not participating.