YOST *v.* STUDER.

5-1316 302 Ark. 775

Opinion delivered June 10, 1957.

*Wood & Smith,* for appellant.

*Barber, Henry, Thurman & McCaskill,* for appellee.

SAM ROBINSON, Associate Justice. W. F. Yost filed this suit, alleging property damages and damages due to personal injuries sustained when his automobile, which he was driving, was struck by an automobile operated by appellee, Charles Studer. There is no question about the negligence of Studer; the only issue is the amount of damages. There was a judgment for the plaintiff, Yost, in the sum of $2,293.00 for medical expenses, pain and suffering, and damages to his automobile. Subsequently, Yost died, and this appeal is prosecuted by the administratrix of his estate.

On appeal, appellant contends that the trial court erred in refusing to submit to the jury the question of whether Yost, who was a dentist, had been damaged by loss of time from the practice of his profession. It was shown that he lost about two weeks from his work, but there is no evidence whatever as to his earning capacity. The court refused to give an instruction requested by

Yost, authorizing recovery for "the value of his time during periods of total or partial disability". The court offered to re-open the case, and permit Yost to introduce evidence of damages due to loss of time, but this offer was not accepted.

Appellant relies on *Coca Cola Bottling Company* v. *Jones,* 226 Ark. 953, 295 S. W. 2d 321. In that case, Jones, who operated a small grocery store, was injured when a bottle exploded; he conducted his own business and was disabled for several weeks due to his injuries. We said: "His absence from the grocery store involved a financial loss that the jury were entitled to consider . . . If the defendant believed that this element of damage could have been more accurately expressed by some language other than the court's reference to the loss of net remuneration or earnings from the business, the improved wording should have been offered in the form of a specific objection to the charge."

The situation in the case at bar is quite different from the *Jones* case. Here, when plaintiff finished his case, not a scintilla of evidence had been introduced as to any damages he may have sustained because of loss of time. The jury had the benefit of no evidence whatever to be guided by in determining such alleged damages. Any verdict based on such alleged loss of time would have been pure speculation. There was no inkling as to whether such loss, if any, was $50.00 or $5,000.00 In these circumstances, it would have been utterly impossible for the jury to have reached an intelligent conclusion as to such alleged damages. We think the rule as stated in 15 Am. Jur. 507 is applicable here. There it is said:

"In the case of a professional man the proper measure of damages for loss of time is the amount he would have earned by the practice of his profession.

"In order to recover for loss of time, a professional man must prove the amount he would have earned in the practice of his profession during the time in question, and the jury should consider the probability of his being employed during the period for which he seeks to recover.

Testimony as to what he had previously been receiving for his services is admissible, and he may show his actual earnings during the period of the previous year corresponding to that in which he was injured. If he was not engaged in the practice of his profession immediately before the alleged loss of time, but resumed it immediately thereafter, it is proper to show what he earned thereafter, not as establishing in itself the value of his time, but as evidence to aid the jury in fixing it."

In the case at bar, there is absolutely no evidence of the earning capacity of the appellant. The jury, therefore, had nothing to use as a measure of damages for loss of time, and the court was correct in refusing to submit the issue of damages for loss of time to the jury.

Affirmed.