ROYAL CROWN BOTTLING CO., INC. v.
JAMES A. TERRY, III

5-4774 437 S.W. 2d 474

Opinion Delivered February 10, 1969

[Rehearing denied March 17, 1969.]

129

*Wright, Lindsey & Jennings* for appellant.

*McMath, Leatherman, Woods & Youngdahl* for appellee.

FRANK HOLT, Justice. This is an exploding bottle case. The appellee suffered injury to an eye which resulted in its removal. The injury occurred while appellee, an employee of a grocery store, was handling a six-pack carton of Royal Crown Cola bottles.

Appellee filed a complaint alleging specific acts of negligence and, alternately, negligence on the theory of res ipsa loquitur. In a separate complaint appellee alleged breach of warranty. Appellant's answers raised the defenses of contributory negligence and assumption of risk and specified that it had been notified of the subrogation rights of an insurance carrier as provided by the workmen's compensation laws where compensation is paid to an injured employee.

Upon trial the two complaints were consolidated by agreement of the parties. Appellant struck from its answers the defenses of contributory negligence and assumption of risk. Appellant introduced no testimony. The court denied appellant's motion for a directed verdict on each complaint. The jury returned a verdict favorable to the appellee and this appeal comes from the judgment on that verdict.

Appellant argues that appellee's allegations of specific acts of negligence and, alternately, negligence on the theory of res ipsa loquitur are inconsistent and,

therefore, impermissible. However, in a recent opinion this court said that allegations of specific acts of negligence and res ipsa loquitur are compatible and may be relied upon in the same proceeding. *Moon Distributors, Inc.* v. *White,* 245 Ark. 627, 434 S.W. 2d 56 (1968).

Appellant contends that the court erred in denying its motion for a directed verdict on each complaint. Appellee ably states that crucial to appellant's cause is its contention that res ipsa loquitur does not apply. We are of the view that res ipsa is not applicable in the case at bar.

The basic components of the doctrine of res ipsa loquitur are found in AMI 610 which was the instruction given in this case. They are: (1) exclusive control; (2) no opportunity for condition of bottle to have changed; and (3) in normal course of events, no injury would have occurred if the bottler had used ordinary care while the bottle was under its exclusive control.

The element of exclusive control is flexible and has not been applied literally in exploding bottle cases. *Coca-Cola Bottling Co. of Ft. Smith* v. *Hicks,* 215 Ark. 803, 223 S.W. 2d 762 (1949); *Coca-Cola Bottling Co. of Helena* v. *Mattice,* 219 Ark. 428, 243 S.W. 2d 15 (1951); *Coca-Cola Bottling Co.* v. *Jones,* 226 Ark. 953, 295 S.W. 2d 321 (1956); *Dr. Pepper Bottling Co. of Newport* v. *Whidden,* 227 Ark. 13, 296 S.W. 2d 432 (1956).

In the *Hicks* case we said that the requirement of exclusive control is satisfied when the plaintiff shows that there was practically "no opportunity for the content or character of the charged bottle to have been changed from the time it left defendant's hands until it exploded."

In the above cited cases we adopted the view that the doctrine of res ipsa loquitur was applicable to the facts in each case, even though at the time of the alleged

injury the bottle was not strictly under the exclusive control of the defendant bottler. There was evidence presented in these cases that, after delivery by the defendant bottler and while in the retailer's possession, no one had disturbed or mishandled the offending bottle.

In the case at bar, the appellee, while attempting to dust some cans on the top shelf of a soft drink self-service display counter, owned and serviced by the appellant and other bottlers, removed a six-pack of Royal Crown Cola from the bottom shelf and placed it on the floor. He accidentally tipped it over on the floor on its side as he stepped upon the shelf. No bottle fell from the carton. After cleaning the upper shelf, appellee attempted to raise the carton to an upright position by grasping the top of one of the bottles in the carton and pulling up on it. At that instant the bottle exploded, injuring appellee's eye. The bottle fragments were reassembled later and introduced in evidence as proof that the explosion resulted from a crack in the neck of the bottle caused by a blow from a hard, round object. The bottle in question was transported from Little Rock to Bryant on an open truck stocked with cartons or cases of soft drinks. The offending bottle was on the premises for at least three full business days before the accident, and possibly longer since deliveries were made each week. Customers would serve themselves and handle soft drinks individually and in cartons. Sometimes six-bottle cartons would contain a mixture or variety of soft drinks. The carton in question contained only Royal Crown Cola bottles. Appellant and other soft drink companies restocked the shelves of the display counter as needed.

Appellee testified that before his injury he had at no time handled the bottle nor worked in the soft drink section. He had started to work there a few days previously. His employer, who was the store owner, and his wife were present when the incident occurred. They

testified that from the time of the delivery until the accident they had done nothing to disturb or damage the bottle in any manner.

An expert in analysis of bottle failures testified that he found three factors which contributed to the explosion. First, there was an initial blow by a hard, round object, causing a partial cracking through the neck of the bottle. The object could have been another bottle, but could not have been the metal base of a grocery cart nor the base of a can. The examination revealed that the hardness of the object which struck the bottle would have to be equivalent to the hardness of glass. The impact could not have occurred when appellee upset the bottles. Second, there was internal pressure due to agitation of the contents, and third, there was the stress of the leverage which was applied when appellee attempted to set the carton upright. This was "the straw that broke the camel's back."

Appellant points to the fact that there was ample opportunity for the character of the bottle to have been changed after leaving the appellant's possession, especially since customers were allowed to handle and mix soft drinks as desired. However, in the case at bar there was evidence of more than the mere possibility of customer mishandling and abuse. There was undisputed evidence that bottles were abused by the customers. The store owner's wife (appellee's witness), on cross-examination, testified:

"Q. Was that the first noise you heard, the thump and the glass?

A. Yes, sir.

Q. When you heard that, did you know what had happened?

A. Yes.

Q. From the sound of it?

A. From the sound of it. You get used to those things in the grocery store.

Q. That had happened on previous occasions, people knocking drinks off shelves?

A. I have heard them explode before. Some has been dropped. Some has been dropped off the bottom of the shopping carts."

In view of this uncontradicted evidence, we cannot say that in the case at bar the doctrine of res ipsa loquitur is applicable.

Appellant relies upon *Weggeman* v. *Seven-Up Bottling Co. of Watertown*, 5 Wis, 2d 503, 93 N.W. 2d 467 (1958); *Ferrell* v. *Royal Crown Bottling Co. of Charleston*, 144 W. Va. 465, 109 S.E. 2d 489 (1959); and *Escola* v. *Coca-Cola Bottling Co. of Fresno*, 24 Cal. 2d 453, 150 P. 2d 436 (1944), where the possibility of "customer mishandling" was satisfactorily answered.

In *Weggeman* the court said:

"* * * It is not essential that the possibility of other causes of the accident be altogether eliminated, but only that their likelihood be so reduced that the greater probability lies at defendant's door. The evidence must afford a rational basis for concluding that the cause of the accident was probably such that the defendant would be responsible for any negligence connected with it."

In *Escola* the court said:

"* * * It is not necessary, of course, that plaintiff eliminate every remote possibility of injury to the bottle after defendant lost control, and the requirement is satisfied if there is evidence permit-

ting a reasonable inference that it was not accessible to extraneous harmful forces and that it was carefully handled by plaintiff or any third person who may have moved or touched it."

Also, see Prosser, Law of Torts (2d ed. p. 205), where he states:

"* * * Again, however, the evidence need not be conclusive, and only enough is required to permit a finding as to the greater probability."

In the case at bar there is undisputed evidence of customer abuse. Therefore, in view of this, we cannot say that the possibilities of the cause of this accident are so reduced that the greater probability of the cause lies at the defendant's door.

Further, we are of the view that the appellee's evidence is insufficient to establish a submissible issue based upon the allegation of warranty.

Appellee urges that we also consider that he should prevail on the issue of strict liability. This issue was first raised on appeal and, therefore, we do not reach it in this case.

Reversed and dismissed.

HARRIS, C.J. and JONES, J., dissent.

CARLETON HARRIS, Chief Justice. In the case of *Moon Distributors, Inc.* v. *White*, 245 Ark. 627, 434 S.W. 2d 56, I dissented because of the fact that I considered the presentation of a case based on specific acts of negligence, and also negligence on the theory of *res ipsa loquitur*, to be inconsistent, and, to some extent, confusing to a jury. However, the court held to the contrary, and I am, of course, bound by that opinion. Here, a similar situation exists, *i.e.*, specific evidence is offered relative

to the cause of the explosion—but *res ipsa loquitur* is also relied upon.

I know of no type of case wherein the doctrine of *res ipsa* can more properly be applied than in an exploding bottle incident, and I consider it noteworthy that the requirement of exclusive control is rather flexible in this type of case, and has not been literally applied. This is obvious from reading our own cases, which are cited in the majority opinion, the majority itself conceding this particular fact. Time does not permit a detailed discussion of all of these cases, but I should like to point out some language, which, to me, is entirely applicable to the facts in the instant case. In *Dr. Pepper Bottling Company of Newport* v. *Whidden*, 227 Ark. 13, 296 S.W. 2d 432, in discussing *res ipsa loquitur*, this court stated:

> "Appellant says: 'The evidence is insufficient to establish an explosion for application of *res ipsa loquitur doctrine.*' What we have said in disposing of appellant's first point applies here also. It must be borne in mind that there was evidence (1) that there had been no moving or handling of the bottles or crates from the time and place where Dr. Pepper's delivery man placed them a few days earlier; and (2) that the bottle was still in the same case when it exploded and injured the plaintiff. *The evidence offered by the plaintiff placed the burden on the defendant of proving itself free from negligence under the res ipsa loquitur doctrine*[1]."

In the case before us, there is not one iota of evidence that there had been any moving or handling, by any person, of the carton containing the bottle that caused the injury;[2] in fact, the evidence is to the contrary. Some other cartons were filled with different

---

[1] Emphasis supplied.

[2] Of course, the carton was kicked over by appellee, but the expert testified that this would not have caused the crack in the bottle.

drinks, but this particular carton consisted entirely of bottles of Royal Crown Cola, which certainly was a definite indication that this carton had not been handled by the public. I fail to attach any significance to the evidence cited by the majority in support of the finding that the evidence showed that bottles were abused by the customers. I have no doubt that that happens at times, but in my view, the dropping of bottles by an individual, or cartons falling from the bottom of the shopping carts, is not pertinent to the claim before us, there being no evidence that this had happened to the bottle in question. If bottles exploded[3] simply because they were dropped, this in itself, to me, is evidence of negligence, for a bottling company knows that this may well happen, and it should take this probability into consideration when filling the bottles with the carbonated water.

Of course, it was not possible to round up every person who had been in the store shopping in order to ascertain whether they had mishandled the bottles. My feelings on this point are expressed in the Wisconsin case of *Weggeman* v. *Seven-Up Bottling Company*, 93 N.W. 2d 467. There, the Supreme Court said:

"* * * Defendant argues that plaintiffs failed to make a case for *res ipsa loquitur* and that a verdict should have been directed for defendant; but we are satisfied that a sufficient foundation for *res ipsa* was established. *To be sure plaintiffs did not prove conclusively that the condition of the bottle had not changed after it left the defendant's possession,*[4A] or that Gregory handled it carefully or that the injury was not due to any voluntary act on plaintiffs' part. *Absolute or even clear proof of such matters is not necessary to warrant submission of res ipsa loquitur. It is not essential that the possibility, of other causes of the accident be*

---

[3]There is a distinct difference between a bottle's exploding, and breaking because of contact with a hard surface.

[4A]Italicized language denotes my emphasis.

*altogether eliminated,*[4B] but only that their likelihood to be so reduced that the greatest probability lies at defendant's door. The evidence must afford a rational basis for concluding that the cause of the accident was probably such that the defendant would be responsible for any negligence connected with it. [Citing authority.]

"In the instant case we think the evidence afforded sufficient basis for a reasonable inference that after its delivery by defendant the bottle encountered only such usage as is normal in the course of retail distribution and consumer handling, and that much the greater probability was that it was defective when it left defendant's possession. *The bottler may be held to knowledge that exposure to hazards of damage from jolting, jarring and rough handling by retailers, customers and consumers is usual for his product and that nicks and abrasions thereby sustained may make it dangerous; and if he negligently fails to put out a product that will stand up under treatment which if not normal is not unusual, he must assume the risk of resulting injuries.*[4C]

My principal complaint of the reversal in this case is that the court is holding that no jury question was made by appellee's proof, and that the bottling company was entitled to a directed verdict. If appellant had offered evidence that the bottling process, including inspection of the bottles, had been carried out by the company without negligence; that the cartons had been delivered to the store by the company driver without any mishap or unusual circumstance, or offered other proof, pertinent to a defense of no negligence, I would certainly find nothing objectionable to affirming a jury verdict for the company. However, the company did not choose to offer one line of evidence, which seems a little odd to me.

---

[4B & 4C]Italicized language denotes my emphasis.

I strongly feel that sufficient evidence was offered by appellee to require appellant to go forward with its own proof, and, of course, that is the holding where the doctrine of *res ipsa loquitur* is considered applicable. *Dr. Pepper Bottling Company of Newport* v. *Whidden, supra; Coca-Cola Bottling Company of Southeast Arkansas* v. *Jones*, 226 Ark. 953, 295 S.W. 2d 321; *Coca-Cola Bottling Company of Helena* v. *Mattice*, 219 Ark. 428, 243 S.W. 2d 15. But, the majority says that *res ipsa loquitur* is not applicable, and this holding can only relate back to the fact that customers had had the opportunity to mishandle the drinks, and the further fact that appellee endeavored to show specifically the defect in the exploding bottle. I have already commented on the customer angle, and, despite the holding in *Moon*, it appears to me that appellee is being penalized for endeavoring to show that there was a definite defect in the bottle.

I would affirm the judgment.

JONES, J., joins in this dissent.